UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LIGTEL COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BAICELLS TECHNOLOGIES INC.; BAICELLS TECHNOLOGIES NORTH AMERICA INC., <br><br> Defendants. | CAUSE NO.: 1:20-CV-37-HAB-SLC |

## ORDER

This matter is before the Court on Plaintiff's Motion for Entry of Order for Preliminary Injunction [ECF No. 15]. The basis of the Motion for Entry of Order is that, pursuant to Northern District of Indiana Local Rule 7-1(d)(3)(A), Defendants' response to the Motion for Preliminary Injunction was due within fourteen days of when it was filed, on February 5, 2020.

Plaintiff LigTel Communications, Inc., filed a Complaint against Defendants BaiCells Technologies, Inc. and BaiCells Technologies North America, Inc., on January 21, 2020. Included in the relief Plaintiff requested was that the Court enter a preliminary and permanent injunction enjoining Defendants from using or directing its customers to use Plaintiff's Home Network Identity code, and from misappropriating any of Plaintiff's trade secrets. Plaintiff filed a Motion for Preliminary Injunction the same day it filed its Complaint.

On January 27, 2020, the executed summons was entered on the docket, indicating that service had been executed on January 22, 2020. Accordingly, an Answer to the Complaint is due February 12, 2020. The time for Defendants to appear and defend this matter has not yet passed. The concept of default and judgment upon such default does not apply as a stand-alone concept to Plaintiff's Motion for Preliminary Injunction. To obtain a preliminary injunction, the Court must

make findings of facts and conclusions of law. Plaintiff has provided affidavits in support of its Motion for Preliminary Injunction. However, the Seventh Circuit has warned that "in general, a motion for a preliminary injunction should not be resolved on the basis of affidavits alone. Normally, an evidentiary hearing is required to decide credibility issues." *Medeco Sec. Locks, Inc. v. Swiderek*, 680 F.2d 37, 38 (7th Cir. 1981). At this early stage of the litigation, without even the benefit of a responsive pleading, the Court cannot determine whether this is one of those cases where no evidentiary hearing may be necessary because "the issues are clear and not in serious dispute." *Id.*

Of course, if Defendant fails to plead or otherwise defend, the inquiry changes. *See* Fed. R. Civ. P. 55. Additionally, if Defendants' response fails to persuade the Court that genuine and material issues are in dispute that would make a hearing productive, the affidavits alone may be sufficient. *See Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997) (no evidentiary hearing required where defendant did not show "that he has and intends to introduce evidence that if believed will so weaken the moving party's case as to affect the judge's decision on whether to issue an injunction").

## CONCLUSION

Based on the reasons stated above, the Court DENIES Plaintiff's Motion for Entry of Order for Preliminary Injunction [ECF No. 15]. The Motion for Preliminary Injunction [ECF No. 4] remains pending.

SO ORDERED on February 10, 2020.

    s/ *Holly A. Brady*
    JUDGE HOLLY A. BRADY
    UNITED STATES DISTRICT COURT