UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **LIGTEL COMMUNICATIONS, INC.,** | |
| **Plaintiff,** | |
| v. | Case No. 1:20-cv-00037-HAB-SLC |
| **BAICELLS TECHNOLOGIES INC.;**<br>**BAICELLS TECHNOLOGIES NORTH**<br>**AMERICA INC.,** | |
| **Defendants.** | |

## DEFENDANTS BAICELLS TECHNOLOGIES INC. AND BAICELLS TECHNOLOGIES NORTH AMERICA INC.'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY AND ESTABLISH BRIEFING SCHEDULE

Defendants Baicells Technologies Inc. and Baicells Technologies North America Inc. ("Baicells"), by counsel, hereby request leave of Court to conduct expedited discovery and for an Order establishing an expedited discovery schedule and briefing schedule in connection with the above-captioned matter. In support of this Motion, Baicells states:

1. On January 21, 2020, Plaintiff LigTel Communications, Inc. ("LigTel" or "Plaintiff") filed this lawsuit against Baicells.

2. On the same day, LigTel filed a motion for preliminary injunction, seeking to (1) stop Baicells "from continuing to knowingly use LigTel's Home Network Identity (HNI) code," and (2) "immediately stop BaiCells's misappropriation and threatened misappropriation of LigTel's valuable and confidential trade secrets."

3. On February 10, 2020, this Court denied Plaintiff's motion for entry of order for preliminary injunction, and Plaintiff's motion for preliminary injunction remains pending.

4. Baicells believes that LigTel's claims are unlikely to succeed on the merits and that LigTel faces no threat of irreparable harm. Baicells expects discovery to provide evidence showing that, among other things:

(a) LigTel does not sell its goods or services to the public in a manner such that consumers associate the HNI code with its particular goods or services, as required for protection under the Lanham Act;

(b) No consumers in the relevant market(s) have been or could be confused by the parties' uses of their respective HNI codes;

(c) LigTel knew or should have known before filing suit that Baicells' good-faith offer to assist LigTel in reprogramming its system was not a threat to misappropriate any confidential trade secrets; and

(d) LigTel knew or should have known before filing suit that Baicells has worked, and continues to work, in good faith, to quickly and efficiently transfer its customers to a new HNI Code, even though Baicells is not required to do so.

5. For all of the foregoing reasons, among others, Baicells believes that LigTel is unlikely to succeed on the merits of its claims and faces no threat of irreparable harm.

6. In order to obtain evidence relevant to LigTel's claims and request for injunctive relief, Baicells seeks leave to conduct limited discovery on an expedited basis.

7. Specifically, Baicells seeks leave to serve document requests and interrogatories, and to take the deposition of Plaintiff's corporate designee(s) pursuant to Federal Rule of Civil Procedure 30(b)(6). Attached hereto are Baicells' proposed document requests (Exhibit A hereto), interrogatories (Exhibit B hereto), and notice of Rule 30(b)(6) deposition (Exhibit C hereto).

2

8. This limited discovery will provide evidence relevant to Plaintiff's claims and basis for requesting preliminary injunctive relief. Expedited discovery is necessary for Baicells to obtain information and documents essential to the issues raised by LigTel's motion for a preliminary injunction, and to brief the issues relevant to the requested relief.

9. Expedited discovery also will provide the Court with a more thorough and accurate basis for ruling upon Plaintiff's motion for a preliminary injunction.

10. Counsel for Defendants is working simultaneously with the filing of this motion to determine whether an agreement can be reached with counsel for Plaintiff on part or all of this motion.

WHEREFORE, Baicells, by counsel, respectfully requests that the Court grant this Motion and the following relief:

A. LigTel is required to produce documents responsive to Baicells' First Set of Requests for Production (attached hereto as **Exhibit A**) by a date and time to be set by the Court;

B. LigTel is required to provide responses to Baicells' First Set of Interrogatories (attached hereto as **Exhibit B**) by a date and time to be set by the Court; and

C. LigTel is required to produce its corporate designee(s) for a Rule 30(b)(6) deposition (pursuant to the notice attached hereto as **Exhibit C**) by a date and time to be set by the Court.

D. Establish a briefing schedule for Baicells to file its brief in opposition to LigTel's motion for preliminary injunction shortly after the completion of expedited discovery.

        Respectfully submitted,

        ICE MILLER LLP


        */s/  Adam Arceneaux*
        Adam Arceneaux, Attorney No. 17219-49
        Eric J. McKeown, Attorney No. 27597-49
        Jessa DeGroote, Attorney No. 358487-49

        ***Attorneys for Defendants, Baicells Technologies Inc. and Baicells Technologies North America, Inc.***

One American Square
Suite 2900
Indianapolis, IN  46282-0200
Phone:  (317) 236-2100
Fax:     (317) 236-2219
Adam.Arceneaux@icemiller.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

                                                */s/ Adam Arceneaux*
                                                Adam Arceneaux, Attorney No. 17219-49

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN  46282-0200
Adam.Arceneaux@icemiller.com