EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LIGTEL COMMUNICATIONS, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> BAICELLS TECHNOLOGIES INC.; <br> BAICELLS TECHNOLOGIES NORTH <br> AMERICA INC., <br><br> **Defendants.** | Case No. 1:20-cv-00037-HAB-SLC |

### DEFENDANTS BAICELLS TECHNOLOGIES INC. AND BAICELLS TECHNOLOGIES NORTH AMERICA INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF LIGTEL COMMUNICATIONS, INC.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and N.D. Ind. L.R. 26-1, Defendants Baicells Technologies Inc. and Baicells Technologies North America Inc. ("Baicells" or "Defendants") hereby request that Plaintiff LigTel Communications, Inc. ("LigTel" or "Plaintiff"), by its undersigned counsel, respond to the following requests for the production of documents and things by providing written responses thereto and producing for inspection and copying the documents requested herein to the offices of Defendants' attorneys, within the time ordered by the Court.

### DEFINITIONS

1. "Defendants" or "Baicells" means Baicells Technologies Inc. and Baicells Technologies North America Inc., the defendants in the above-captioned proceeding.

2. "Plaintiff," "LigTel," "You," or "Your" means LigTel Communications, Inc., the plaintiff in the above-captioned action, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3. A reference to a "person" includes an individual, corporation, partnership, joint venture, limited liability company, governmental authority, unincorporated organization, trust, association, or other entity and includes all of that person's principals, employees, agents, attorneys, consultants, and other representatives.

4. The terms "Document" and "Documents" are used in the broadest sense allowable under Rule 34(a)(l)(A) of the Federal Rules of Civil Procedure, and Rule 1001(a)-(d) of the Federal Rules of Evidence, and include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes,

disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

5. The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

6. The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

7. As used herein, "and" and "or" shall be construed both conjunctively and disjunctively, the intent being to include rather than exclude the information requested.  As used herein, "all" means any and all and the terms "each" and "any" mean all, every, each, and any. Similarly, the singular of a noun or pronoun includes the plural and vice versa.

8. The terms "all," "any," or "each" encompass any and all of the matter discussed.

9. The term "including" shall be construed to mean "including but not limited to" and "including without limitation" as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

10. The use of present tense includes past tense, and vice versa.

11. The term "mark" means any word, name, symbol, or device or any combination thereof.

12. The term "LigTel HNI Code" refers to the HNI code used by LigTel, as set forth in the Complaint, including without limitation as described in paragraph 32.

## INSTRUCTIONS

1. All objections to the production of documents requested herein shall be made in writing and delivered to the office of Ice Miller LLP, One American Square, Suite 2900, Indianapolis, IN 46282-0200, Attn: Adam Arceneaux, on or before the date set for production.

2. All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features, or shall be organized and labelled to correspond to the categories requested herein. If there are no documents in response to a particular request or if you withhold any responsive documents or categories of documents based on any objections, you shall state so in writing.

3. Electronically stored information (ESI) must be produced in its original native format with its accompanying metadata.

4. ESI should be produced on appropriate electronic media of your choosing that does not impose an undue burden or expense. You should decrypt or provide Defendants with passwords to any responsive ESI included in your productions.

5. These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers,

brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

6. In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

7. If any document was, but no longer is, in your possession, subject to your control or in existence, include a statement:

    (a) identifying the document;

    (b) describing where the document is now;

    (c) identifying who has control of the document;

    (d) describing how the document became lost or destroyed or was transferred; and

    (e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of this document from your possession, custody, or control.

8. Each request contemplates production of all documents in their entirety. If a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

9. If any document is withheld in whole or in part, for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product

doctrine or other business confidentiality or trade secret protection, set forth separately with respect to each document:

    (a)    the ground of privilege or protection claimed;

    (b)    each and every basis under which the document is withheld;

    (c)    the type of document;

    (d)    its general subject matter;

    (e)    the document's date; and

    (f)    other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5).

10. To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" on the document in an appropriate location that does not obscure the remaining text.

11. If you object to any document request on any ground other than privilege, you must specify:

    (a)    the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

    (b)    whether any responsive materials are being withheld on the basis of an objection.

12. If there are no documents in response to any particular request, you shall state so in writing.

13. For the convenience of the Court and the parties, each request should be quoted in full immediately preceding the response as required by N.D. Ind. L.R. 26-1(b).

14. These requests are continuing, and your response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:** All Documents concerning or relating to Your use of the LigTel HNI Code in commerce, including all presentations and appearances of the LigTel HNI Code and all documents or communications demonstrating how the LigTel HNI Code is displayed to consumers in connection with goods or services.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:** All Documents concerning or demonstrating any promotional, advertising, instructional, or other material offered in connection with the LigTel HNI Code.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:** All Documents demonstrating the consumers to whom you have advertised, promoted, distributed, offered, provided, and sold goods and services in connection with the LigTel HNI Code.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Documents sufficient to show any and all customer confusion, or confusion by potential customers, regarding Defendants' alleged use of the LigTel HNI Code.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All documents and communications reflecting the geographic scope of Your sales of goods or services from January 1, 2010 through the date of Your response.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Documents sufficient to describe the actual and target purchasers of goods or services sold or planned or intended to be sold by LigTel under or in connection with the LigTel HNI Code.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Documents sufficient to identify any person to or with whom Plaintiff markets, sells, or distributes or intends to market, sell, or distribute any goods or services under or in connection with the LigTel HNI Code.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All Documents, including internal and external communications, concerning LigTel's knowledge of Baicells or Baicells' alleged use of the LigTel HNI Code, including, but not limited to, all Documents reflecting communications about Baicells or Baicells' alleged use of the LigTel HNI Code.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Copies of all agreements between LigTel and any other person relating to the LigTel HNI Code, or the manufacturing, advertising, promotion, marketing, distribution, or sale of any goods or services sold or intended to be sold under or in connection with the LigTel HNI Code.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All documents or communications relating to LigTel's registration, licensing, current or previous ownership, and any other documentation regarding LigTel obtaining and using the LigTel HNI Code, including any communications with ATIS or any other body.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All documents or communications relating to Your allegation in paragraph 43 of the Complaint that "BaiCells has continued to publish LigTel's HNI code on BaiCells's website and continued to instruct new customers to use LigTel's HNI code."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All documents or communications relating to Your allegations in paragraphs 49, 59, and 68 of the Complaint that "[t]his creates a high likelihood of confusion among other wireless service providers, which will think that any problems or interference

10

caused by BaiCells's equipment are actually problems caused by LigTel and that LigTel is not complying with ITU and ATIS communications rules," and that "LigTel's name and reputation is being denigrated in the marketplace as a result of BaiCells's conduct."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All documents or communications relating to Your allegations in paragraphs 51, 61, and 70 of the Complaint that "LigTel's reputation and goodwill is damaged, other network providers will not give LigTel favorable terms when negotiating cross-border and interoperability agreements, and LigTel's customers may suffer reductions in service and lose confidence in the security and reliability of LigTel's network."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All documents or communications relating to Your allegations in paragraphs 53, 63, and 72 of the Complaint that "BaiCells's use of LigTel's HNI code could cause grave harm to the public by leading law enforcement to obtain a subpoena or warrant relating to someone that appears to be a LigTel subscriber . . . but who is not actually a LigTel subscriber," and "[i]n that event, LigTel could not comply with the lawful process and could not aid law enforcement in obtaining the sought-after information."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All documents or communications relating to Your allegation in paragraph 76 of the Complaint that "BaiCells has misappropriated LigTel's trade secrets, including LigTel's encryption code and its network architecture, design, and engineering."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All documents sufficient to show any steps You have taken to keep confidential any trade secrets that You assert are at issue in this lawsuit, including without limitation any non-disclosure agreements related to such trade secrets.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All documents and communications related to Your allegation in paragraph 78 of the Complaint that "BaiCells selected LigTel's HNI code because BaiCells possessed LigTel's trade secrets."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All documents and communications related to Your allegation in paragraph 80 of the Complaint that "BaiCells' possession of LigTel's encryption code and network architecture, engineering, and design would allow BaiCells to access LigTel's network design and engineering, decrypt communications between LigTel's subscribers and LigTel's network, and gain unauthorized access to LigTel's network," including without limitation documents and

communications relating to Your assertion that BaiCells possesses LigTel's encryption code and network architecture, engineering, and design.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All documents and communications related to Your allegation in paragraph 41 of the Complaint that "Mead interpreted Wei's offer as implying that Mao could do the work on LigTel's core without LigTel providing him with proprietary trade secret information," and that "Mead viewed the offer as a threat that Mao would attempt to gain access to LigTel's core without LigTel's permission," including without limitation documents and communications related to the basis for Mead's views.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** All documents and communications related to Your allegation in paragraph 42 of the Complaint that "BaiCells has not agreed to return LigTel's trade secrets, to not use those trade secrets, or to not threaten to use those trade secrets."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** All documents and communications related to the wireless service provider in northeast Colorado referenced in paragraph 31 of the Complaint, including without limitation all documents and communications related to the allegations in paragraphs 31-32 of the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** All documents and communications related to the Indiana company referenced in paragraph 35 of the Complaint, including without limitation all documents and communications related to the allegations in paragraphs 35-36 of the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** All documents and communications related to the "reasonable investigation" undertaken by LigTel, as referenced in paragraph 35 of the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All documents and communications related to the meeting between LigTel and Baicells described in paragraphs 37-41 of the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All documents and communications related to LigTel's efforts to resolve the HNI-code issue through ATIS, as referenced in paragraph 44 of the Complaint, including without limitation all documents and communications related to Baicells' efforts to transition to a new HNI code.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 26:** All documents reflecting any harm suffered by You as a direct result of actions taken by Defendants, or any potential future harm.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 27:** All documents concerning any allegation in the complaint that Defendants willfully, knowingly, or intentionally adopted or used Plaintiff's asserted mark to cause confusion, to cause mistake, or to deceive.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All documents related to, or relied upon or identified by You in responding to Baicells' First Set of Interrogatories to Plaintiff LigTel Communications, Inc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** All Documents not otherwise specified herein that relate to, bear upon, or provide evidence concerning any of the allegations in the complaint.

**RESPONSE:**

Dated: February 17, 2020

Respectfully submitted,

ICE MILLER LLP

*/s/ Adam Arceneaux*
Adam Arceneaux, Attorney No. 17219-49
Eric J. McKeown, Attorney No. 27597-49
Jessa DeGroote, Attorney No. 358487-49

***Attorneys for Defendants, Baicells Technologies Inc. and Baicells Technologies North America, Inc.***

One American Square
Suite 2900
Indianapolis, IN  46282-0200
Phone:  (317) 236-2100
Fax:     (317) 236-2219
Adam.Arceneaux@icemiller.com
Eric.McKeown@icemiller.com
Jessa.DeGroote@icemiller.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2020, I caused a true and correct copy of Defendants' First Set of Requests for Production to Plaintiff LigTel Communications, Inc. ("LigTel") to be served via First-Class mail on counsel of record for LigTel.

>*/s/ Adam Arceneaux*
>Adam Arceneaux, Attorney No. 17219-49

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN  46282-0200
Adam.Arceneaux@icemiller.com