EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LIGTEL COMMUNICATIONS, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> BAICELLS TECHNOLOGIES INC.; BAICELLS TECHNOLOGIES NORTH AMERICA INC., <br><br> **Defendants.** | Case No. 1:20-cv-00037-HAB-SLC |

## DEFENDANTS BAICELLS TECHNOLOGIES INC. AND BAICELLS TECHNOLOGIES NORTH AMERICA INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF LIGTEL COMMUNICATIONS, INC.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Baicells Technologies Inc. and Baicells Technologies North America Inc. ("Defendants" or "Baicells"), by and through counsel, request that Plaintiff LigTel Communications, Inc. ("Plaintiff" or "Ligtel") serve upon the undersigned attorneys answers, under oath, to each of the following interrogatories within the time ordered by the Court.

### DEFINITIONS

1. "Defendants" or "Baicells" means Baicells Technologies Inc. and Baicells Technologies North America Inc., the defendants in the above-captioned proceeding.

2. "Plaintiff," "LigTel," "You," or "Your" means LigTel Communications, Inc., the plaintiff in the above-captioned action, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and

attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3. A reference to a "person" includes an individual, corporation, partnership, joint venture, limited liability company, governmental authority, unincorporated organization, trust, association, or other entity and includes all of that person's principals, employees, agents, attorneys, consultants, and other representatives.

4. The terms "Document" and "Documents" are used in the broadest sense allowable under Rule 34(a)(l)(A) of the Federal Rules of Civil Procedure, and Rule 1001(a)-(d) of the Federal Rules of Evidence, and include any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. The terms include also, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/messages and/or email, texts, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained, including, without limitation, thumb drives, external hard drives, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks,

hard disks, and magnetic tapes. The term "Document" also means every copy of a document where such copy is not an identical duplicate of the original.

5. The term "communication(s)" means any conveyance, disclosure, transfer, transmittal, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between or among one or more persons or entities.

6. The terms "concerning," "relating to," "related to," "referring or relating to," "relate to," or "refer to," "referencing," mean to address, comprise, consider, reflect, record, reference, memorialize, mention, describe, discuss, contradict, evaluate, consider, review, pertain to, summarize, or report on the subject matter of the Request or to have been created, generated, or maintained in connection with or as a result of the subject matter of the Request.

7. As used herein, "and" and "or" shall be construed both conjunctively and disjunctively, the intent being to include rather than exclude the information requested.  As used herein, "all" means any and all and the terms "each" and "any" mean all, every, each, and any. Similarly, the singular of a noun or pronoun includes the plural and vice versa.

8. The terms "all," "any," or "each" encompass any and all of the matter discussed.

9. The term "including" shall be construed to mean "including but not limited to" and "including without limitation" as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

10. The use of present tense includes past tense, and vice versa.

11. The term "mark" means any word, name, symbol, or device or any combination thereof.

12. The term "LigTel HNI Code" refers to the HNI code used by LigTel, as set forth in the Complaint, including without limitation as described in paragraph 32.

## **INSTRUCTIONS**

1. With regard to each Interrogatory, should the answer require the identification of a person or entity, state, to the extent known, the (i) person or entity's full name, (ii) present or last known business and home addresses, (iii) occupation, employer, and position, (iv) telephone number and e-mail address, and (v) the relationship, if any to Defendant(s) of each such person or entity.

2. With regard to each Interrogatory, should the answer require the identification of documents, state, to the extent known, the (i) type of document (e.g., memo, e-mail, text message, etc.), (ii) general subject matter, (iii) date of the document, and (iv) author(s), addressee(s), and recipient(s).

3. If documents are being produced in lieu of answers pursuant to Fed. R. Civ. P. 33(d), or if Defendant's answer can be found in documents produced in response to a specific document request, identify, by document production number or similar means, the specific documents wherein the answer is located and, unless apparent on the face of the document, state where within the document the answer can be found.

4. For the convenience of the Court and the parties, each interrogatory should be quoted in full immediately preceding the response.

5. These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your answers to these interrogatories, you must promptly supplement your answers to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail all facts and circumstances supporting that the LigTel HNI Code, or any related mark that LigTel asserts is at issue in this lawsuit, is protectable as a trademark or service mark under the Lanham Act.

**ANSWER:**


**INTERROGATORY NO. 2:** Describe in detail all classes and/or types of customers that comprise the intended market for goods or services offered for sale, sold, or provided or intended to be offered for sale, sold, or provided by LigTel under or in connection with the LigTel HNI Code.

**ANSWER:**


**INTERROGATORY NO. 3:** For each class or type of customer identified or described in response to Interrogatory Number 2, describe in detail all facts and circumstances supporting that such class or type of customer is likely to associate or identify, or does associate or identify, the LigTel HNI Code with LigTel's goods or services.

**ANSWER:**


**INTERROGATORY NO. 4:** Identify all geographic regions in which LigTel has or has caused to be advertised, promoted, displayed, distributed, offered for sale, sold, or provided, or plans or intends to advertise, promote, display, distribute, offer for sale, sell, or

5

provide, either directly or through others, any goods or services under or in connection with the LigTel HNI Code.

**ANSWER:**

**INTERROGATORY NO. 5:** Identify and describe the nature of any advertisements, promotional materials, and marketing materials, including by identifying specific media (e.g., websites, brochures, etc.), in which LigTel is using, has used, or plans to use the LigTel HNI Code.

**ANSWER:**

**INTERROGATORY NO. 6:** Describe in detail each and every instance of which LigTel is aware in which any person has been in any way confused, mistaken, or deceived as to the origin or sponsorship of any goods or services sold or offered for sale as a result of Baicells' alleged use of the LigTel HNI Code, including that person's connection to Ligtel or Baicells, whether as a consumer, competitor, supplier, or otherwise, and that person's level of sophistication.

**ANSWER:**

**INTERROGATORY NO. 7:** Describe in detail all facts and circumstances that support Your allegation in paragraph 43 of the Complaint that "BaiCells has continued to publish

LigTel's HNI code on BaiCells's website and continued to instruct new customers to use LigTel's HNI code."

**ANSWER:**


**INTERROGATORY NO. 8:** Describe in detail all facts and circumstances that support Your allegations in paragraphs 49, 59, and 68 of the Complaint that "[t]his creates a high likelihood of confusion among other wireless service providers, which will think that any problems or interference caused by BaiCells's equipment are actually problems caused by LigTel and that LigTel is not complying with ITU and ATIS communications rules," and that "LigTel's name and reputation is being denigrated in the marketplace as a result of BaiCells's conduct."

**ANSWER:**


**INTERROGATORY NO. 9:** Describe in detail all facts and circumstances that support Your allegations in paragraphs 51, 61, and 70 of the Complaint that "LigTel's reputation and goodwill is damaged, other network providers will not give LigTel favorable terms when negotiating cross-border and interoperability agreements, and LigTel's customers may suffer reductions in service and lose confidence in the security and reliability of LigTel's network."

**ANSWER:**


**INTERROGATORY NO. 10:** Describe in detail all facts and circumstances that support Your allegations in paragraphs 53, 63, and 72 of the Complaint that "BaiCells's use of

7

LigTel's HNI code could cause grave harm to the public by leading law enforcement to obtain a subpoena or warrant relating to someone that appears to be a LigTel subscriber . . . but who is not actually a LigTel subscriber," and "[i]n that event, LigTel could not comply with the lawful process and could not aid law enforcement in obtaining the sought-after information."

**ANSWER:**


**INTERROGATORY NO. 11:** Describe in detail all facts and circumstances, including the specific nature of any alleged misappropriation, that support Your allegation in paragraph 76 of the Complaint that "BaiCells has misappropriated LigTel's trade secrets, including LigTel's encryption code and its network architecture, design, and engineering."

**ANSWER:**


**INTERROGATORY NO. 12:** Describe in detail all facts and circumstances that support Your allegation in paragraph 78 of the Complaint that "BaiCells selected LigTel's HNI code because BaiCells possessed LigTel's trade secrets."

**ANSWER:**


**INTERROGATORY NO. 13:** Describe in detail all facts and circumstances that support Your allegation in paragraph 80 of the Complaint that "BaiCell's possession of LigTel's encryption code and network architecture, engineering, and design would allow BaiCells to access LigTel's network design and engineering, decrypt communications between LigTel's

subscribers and LigTel's network, and gain unauthorized access to LigTel's network," including the basis for your assertion that BaiCells possesses LigTel's encryption code and network architecture, engineering, and design.

**ANSWER:**


**INTERROGATORY NO. 14:** Identify and describe in detail each and every purported trade secret that LigTel alleges is at issue in this lawsuit.

**ANSWER:**


**INTERROGATORY NO. 15:** For each purported trade secret identified in response to Interrogatory Number 14, describe all efforts taken by LigTel to maintain the secrecy of that purported trade secret.

**ANSWER:**


**INTERROGATORY NO. 16:** Describe in detail all facts and circumstances that support Your allegation in paragraph 41 of the Complaint that "Mead interpreted Wei's offer as implying that Mao could do the work on LigTel's core without LigTel providing him with proprietary trade secret information," and that "Mead viewed the offer as a threat that Mao would attempt to gain access to LigTel's core without LigTel's permission," including the basis and all supporting facts and circumstances for Mead's views.

**ANSWER:**

**INTERROGATORY NO. 17:** Describe in detail all facts and circumstances that support Your allegation in paragraph 42 of the Complaint that "BaiCells has not agreed to return LigTel's trade secrets, to not use those trade secrets, or to not threaten to use those trade secrets," including explaining what it would mean for Baicells to "return" any alleged trade secrets.

**ANSWER:**


**INTERROGATORY NO. 18:** Identify all documents that are relevant to each of the foregoing interrogatories, designating the number of each interrogatory for which such documents are relevant.

**ANSWER:**


**INTERROGATORY NO. 19:** Identify all persons that furnished information for the response to these interrogatories, designating the number of each interrogatory for which such persons furnished information.

**ANSWER:**

Dated: February __, 2020

                        Respectfully submitted,

                        ICE MILLER LLP

                        */s/ Adam Arceneaux*
                        Adam Arceneaux, Attorney No. 17219-49
                        Eric J. McKeown, Attorney No. 27597-49
                        Jessa DeGroote, Attorney No. 358487-49

                        ***Attorneys for Defendants, Baicells Technologies Inc. and Baicells Technologies North America, Inc.***

One American Square
Suite 2900
Indianapolis, IN  46282-0200
Phone:  (317) 236-2100
Fax:     (317) 236-2219
Adam.Arceneaux@icemiller.com
Eric.McKeown@icemiller.com
Jessa.DeGroote@icemiller.com

## CERTIFICATE OF SERVICE

      I hereby certify that on February __, 2020, I caused a true and correct copy of Defendants Baicells' First Set of Interrogatories to Plaintiff Ligtel Communications, Inc. ("LigTel") to be served via First-class mail on counsel of record for LigTel.

                                           */s/ Adam Arceneaux*
                                           Adam Arceneaux

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN  46282-0200
Phone:  (317) 236-2100
Adam.Arceneaux@icemiller.com