UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **LIGTEL COMMUNICATIONS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00037-HAB-SLC |
| | ) | |
| **BAICELLS TECHNOLOGIES INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

The Joint Motion for Entry of Stipulated Protective Order (ECF 30), seeking approval of a proposed stipulated protective order submitted by the parties (ECF 30-1), is GRANTED to the extent set forth in this Order.[1] The stipulated protective order submitted by the parties on March 17, 2020 (ECF 30-1), is APPROVED and ADOPTED as an Order of this Court, provided, however, that:

(1) as set forth in paragraph VIII, the Order does not authorize either party to file or maintain any document under seal. That is, NO DOCUMENT OR PORTION OF A DOCUMENT WILL BE MAINTAINED UNDER SEAL IN THE ABSENCE OF AN AUTHORIZING STATUTE, COURT RULE, OR FURTHER LEAVE OF COURT. *See* N.D. Ind. L.R. 5-3; and

(2) while the Order will remain in force after the conclusion of the suit as set forth in paragraph VII.B, the Court will not retain jurisdiction over the Order, as the Court

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). Here, the Order does not permit sealed filings (ECF 30-1 ¶ VIII), and as such, enjoys lesser scrutiny. The Court observes that the definition of "Designated Information" in the Order would be overly broad if the proposed order permitted sealed filings—a point that the parties should bear in mind in the event they seek leave of Court to file any documents under seal.

is unwilling to enter a protective order that suggests it retains jurisdiction of any kind after resolution of the case.  *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc*., No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

SO ORDERED.

Entered this 25th day of March 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge