## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

LIGTEL COMMUNICATIONS, INC.,

       Plaintiff,

  v.

                                   Case No. 1:20-cv-00037-HAB-SLC

BAICELLS TECHNOLOGIES INC.;
BAICELLS TECHNOLOGIES NORTH
AMERICA INC.,

       Defendants.

## DECLARATION OF JESSA DEGROOTE IN SUPPORT OF THE DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO LIGTEL'S MOTION FOR A PRELIMINARY INJUNCTION

I, Jessa DeGroote, declare under penalty of perjury as follows:

1.      I am an attorney duly admitted to practice law in this Court. I am an associate with the law firm of Ice Miller LLP, counsel for Defendants Baicells Technologies Inc. and Baicells Technologies North America Inc. ("Baicells").  I respectfully submit this declaration in support of the Defendants' Memorandum of Law in Opposition to LigTel's Motion for a Preliminary Injunction.

2.      Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Supplemental Objections and Responses to Defendants' First Set of Interrogatories dated March 30, 2020.

3.      Attached hereto as Exhibit B is a true and correct copy of Defendants' Answers and Objections to LigTel's First Set of Interrogatories dated March 24, 2020.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 3, 2020 in Bloomington, Indiana.

s/ *Jessa DeGroote*
Jessa DeGroote, Attorney No. 357487-49

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
Jessa.DeGroote@icemiller.com

# <u>EXHIBIT A</u>

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

LIGTEL COMMUNICATIONS, INC.,

                Plaintiff,

      v.

BAICELLS TECHNOLOGIES INC.;
BAICELLS TECHNOLOGIES NORTH AMERICA
INC.,

                Defendants.

Case No. 1:20-cv-00037-HAB-SLC

## PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant Federal Rules of Civil Procedure 26 and 33 and Northern District of Indiana Local Rule 26-1, Plaintiff LigTel Communications ("LigTel" or "Plaintiff") hereby provides its Supplemental Objections and Responses to Defendants Baicells Technologies Inc. and Baicells Technologies North America Inc. (collectively, "Baicells" or "Defendant") First Set of Interrogatories as set forth below.

LigTel's responses are based on information currently available to LigTel after a reasonable search for information to timely provide this response, consistent with the scope of the limited discovery approved by the Court on February 18, 2020.  LigTel expressly reserves the right, in its sole discretion, to supplement or otherwise amend any of its responses or objections.  LigTel's counsel is prepared to discuss any of LigTel's responses and objections with Baicells counsel at an agreed upon time.

LigTel incorporates by reference each of the General Objections from its March 24, 2020 Objections and Responses to Baicells's First Set of Interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES TO BAICELLS'S INTERROGATORIES

Each of the General Objections from LigTel's Objections and Responses to Baicells's First Set of Interrogatories is incorporated by this reference into each of LigTel's specific responses and objections below.

**INTERROGATORY NO. 1:**     Describe in detail all facts and circumstances supporting that the LigTel HNI Code, or any related mark that LigTel asserts is at issue in this lawsuit, is protectable as a trademark or service mark under the Lanham Act.

**AMENDED ANSWER:** LigTel objects to this Interrogatory because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1).  LigTel further objects to this Interrogatory to the extent it seeks a legal conclusion, calls for a determination of the legal significance of facts, and therefore is improper under Rule 33.  *See, e.g., Schumacher v. Principal Life Ins. Co.*, 2010 WL 11680588, at *1-2 (N.D. Ind. Jan. 20, 2010) (rejecting interrogatory seeking "all facts to support" a party's legal theory as an attempt to "seek legal rather than factual conclusions or, at a minimum, seek the legal significance of the facts requested"); *Weddington v. Consol. Rail Corp.*, 101 F.R.D. 71, 75 (N.D. Ind. 1984) (same).  LigTel further objects to this Interrogatory to the extent it is beyond the scope of the limited discovery set forth by the Court on February 18, 2020.  Baicells "admits that LigTel has not authorized Baicells to use LigTel's HNI code." Answer of Defendants (Dkt. 29) at ¶¶ 34, 36 (Mar. 11, 2020).  Baicells has also conceded that LigTel's HNI Code had nevertheless been "reference[d] and "available on Baicells's websites" and the "Facebook Baicells Operator Support Group."  Baicells's Report to the Court (Dkt. 26) (Feb. 19, 2020).  As such, the facts and circumstances supporting LigTel's claim related to Baicells's improper use of LigTel's HNI Code, in violation of the Lanham Act, are set forth in LigTel's Complaint, LigTel's Motion for a Preliminary Injunction and accompanying

declarations, information LigTel produced in response to Baicells's requests for production, and Baicells's answer and submissions to the Court.  Consistent with Rules 26 and 33, LigTel further responds that those documents speak for themselves and provide the information responsive to this Interrogatory, and LigTel objects to this Interrogatory insofar as it seeks additional information.

Subject to those objections, and without waiving any, LigTel further responds as follows:

In November 2011, LigTel applied for an HNI Code and was assigned code 311-980 by the Alliance for Telecommunications Industry Solutions (ATIS).  In accordance with applicable rules, LigTel timely deployed that code, has been using that code, and has annually paid the applicable maintenance fee for that code.  LigTel has not authorized Baicells to use LigTel's HNI Code or to encourage its customers to do so.

**INTERROGATORY NO. 2:**      Describe in detail all classes and/or types of customers, including the geographic region for each class and/or type of customer, that comprise the intended market for goods or services offered for sale, sold, or provided or intended to be offered for sale, sold, or provided by LigTel under or in connection with the LigTel HNI Code.

**AMENDED ANSWER:** LigTel objects to this Interrogatory because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1).  LigTel further objects to this Interrogatory to the extent it is beyond the scope of the limited discovery set forth by the Court on February 18, 2020.  As described in detail in LigTel's Complaint and in LigTel's Motion for a Preliminary Injunction and accompanying declarations, LigTel's claims are premised on (among other things) confusion and other harms caused by *Baicells's* use without authorization – and direction to its customers about the use without authorization – of the LigTel HNI Code.  Baicells "admits that LigTel has not authorized Baicells to use LigTel's HNI code."  Answer of Defendants (Dkt. 29) at ¶¶ 34, 36 (Mar. 11, 2020).  Baicells has also conceded that LigTel's HNI Code had

nevertheless been "reference[d] and "available on Baicells's websites" and the "Facebook Baicells Operator Support Group."  Baicells's Report to the Court (Dkt. 26) (Feb. 19, 2020).  As such, Interrogatories seeking information regarding LigTel's customers, including the geography and classes of those customers and sales to those customers, are overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1).  Consistent with Rules 26 and 33, LigTel further responds that its filings in this case as well as the documents produced in response to Baicells's requests for production speak for themselves and provide the information responsive to this Interrogatory, and LigTel objects to this Interrogatory insofar as it seeks additional information.

Subject to those objections, and without waiving any, LigTel further responds as follows:

LigTel, founded as a subsidiary of Ligonier Telephone Company in April 1998, is a family-owned company that proudly provides broadband internet, television, and wireless telephone service in seven counties in northeastern Indiana.  LigTel has approximately 1,500 wireless service customers in northeastern Indiana and uses its HNI Code in connection with its provision of service.

**INTERROGATORY NO. 3:**        For each class or type of customer identified or described in response to Interrogatory Number 2, describe in detail all facts and circumstances supporting that such class or type of customer is likely to associate or identify, or does associate or identify, the LigTel HNI Code with LigTel's goods or services.

**AMENDED ANSWER:** LigTel objects to this Interrogatory because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1).  LigTel objects to this Interrogatory insofar as it seeks information about the state of mind, perception, association, thought, or belief of any person or entity other than LigTel, including what that person or entity is likely to associate or identify or does associate or identify with LigTel or its HNI Code.  LigTel further objects to this

4

Interrogatory to the extent it is beyond the scope of the limited discovery set forth by the Court on February 18, 2020.  As described in detail in LigTel's Complaint and in LigTel's Motion for a Preliminary Injunction and accompanying declarations, LigTel's claims are premised on (among other things) confusion and other harms caused by *Baicells's* use without authorization – and direction to its customers about the use without authorization – of the LigTel HNI Code. Baicells "admits that LigTel has not authorized Baicells to use LigTel's HNI code."  Answer of Defendants (Dkt. 29) at ¶¶ 34, 36 (Mar. 11, 2020).  Baicells has also conceded that LigTel's HNI Code had nevertheless been "reference[d] and "available on Baicells's websites" and the "Facebook Baicells Operator Support Group."  Baicells's Report to the Court (Dkt. 26) (Feb. 19, 2020).  As such, Interrogatories seeking information regarding LigTel's customers, including the geography and classes of those customers and sales to those customers, are overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1).  Consistent with Rules 26 and 33, LigTel further responds that its filings in this case as well as the documents produced in response to Baicells's requests for production speak for themselves and provide the information responsive to this Interrogatory, and LigTel objects to this Interrogatory insofar as it seeks additional information.

Subject to those objections, and without waiving any, LigTel further responds as follows:

In November 2011, LigTel applied for an HNI Code and was assigned HNI Code 311-980 by the Alliance for Telecommunications Industry Solutions (ATIS).  LigTel's HNI Code is a unique six-digit number that identifies LigTel as the specific company that provides wireless service using the signal identified with the HNI Code 311-980.  LigTel's HNI Code allows other providers to identify LigTel as the source of an interfering signal using LigTel's HNI Code, to

manage customers roaming on their networks, and to determine what (if any) roaming charges are required.

In addition, LigTel's HNI Code identifies the subscribers to LigTel's network. LigTel assigns every subscriber a unique fifteen-digit number, called an International Mobile Subscriber Identity ("IMSI"), which is used to identify and authenticate subscribers to LigTel's network. The first six digits of each subscriber's IMSI is LigTel's HNI Code and the remaining nine digits identify the particular device. Each device contains a subscriber identity module or subscriber identification module, known as a SIM card, which reflects that device's IMSI and begins with LigTel's HNI Code. Law enforcement officials can use the HNI code to identify a suspect's or target's cellular service provider, so law enforcement knows what entity to serve with legally authorized process for a search, seizure, or surveillance when necessary.

**INTERROGATORY NO. 4:**     Identify and describe the nature of any advertisements, promotional materials, and/or marketing materials, including by identifying specific media (e.g., websites, brochures, etc.), in which LigTel is using, has used, or plans to use the LigTel HNI Code, including the geographic scope for any such advertisements, promotional materials, and/or marketing materials.

**AMENDED ANSWER:** LigTel objects to this Interrogatory because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1). LigTel further objects to this Interrogatory to the extent it is beyond the scope of the limited discovery set forth by the Court on February 18, 2020. As described in detail in LigTel's Complaint and in LigTel's Motion for a Preliminary Injunction and accompanying declarations, LigTel's claims are premised on (among other things) confusion and other harms caused by *Baicells's* use without authorization – and direction to its customers about the use without authorization – of the LigTel HNI Code. Baicells "admits that LigTel has not authorized Baicells to use LigTel's HNI code." Answer of Defendants (Dkt.

29) at ¶¶ 34, 36 (Mar. 11, 2020).   Baicells has also conceded that LigTel's HNI Code had nevertheless been "reference[d] and "available on Baicells's websites" and the "Facebook Baicells Operator Support Group."   Baicells's Report to the Court (Dkt. 26) (Feb. 19, 2020).   As such, Interrogatories seeking specific and detailed information regarding LigTel's advertisements, promotions, marketing are overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1).

Subject to those objections, and without waiving any, LigTel further responds as follows:

LigTel provides broadband internet, television, and wireless telephone service in seven counties in northeastern Indiana.   LigTel has approximately 1,500 wireless service customers in northeastern Indiana.   LigTel advertises, promotes, and markets its wireless services, which use LigTel's HNI Code, through websites, print, and other media, within the seven counties in northeastern Indiana that LigTel currently serves.   LigTel has done so in the past and plans to continue to do so in the future.

**INTERROGATORY NO. 5:**        Describe in detail each and every instance of which LigTel is aware in which any person has been in any way confused, mistaken, or deceived as to the origin or sponsorship of any goods or services sold or offered for sale as a result of Baicells' alleged use of the LigTel HNI Code, including that person's connection to Ligtel or Baicells, whether as a consumer, competitor, supplier, or otherwise, and that person's level of sophistication.

**AMENDED ANSWER:** LigTel objects to this Interrogatory because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1).   LigTel objects to this Interrogatory to the extent it seeks information about the state of mind, perception, association, thought, belief, or sophistication of any person or entity other than LigTel, and to the extent it is beyond the scope of the limited discovery set forth by the Court on February 18, 2020.   LigTel objects to this Interrogatory to the extent that it seeks "each and every" instance of confusion.   Such

7

interrogatories are overly broad, unduly burdensome, and facially objectionable.  *See, e.g.,* *Hiskett v. Wal-Mart Stores, Inc.,* 180 F.R.D. 403, 405 (D. Kan. 1998) ("The court will generally find [interrogatories] overly broad and unduly burdensome on their face to the extent they ask for 'every fact' which supports identified allegations or defenses."); *Romero v. Macy's, Inc.,* 2016 WL 4729580, at *2 (S.D. Cal. 2016).  This Interrogatory is especially problematic because LigTel is unaware of the full scope of Baicells's use of LigTel's HNI Code.  In addition, the burden of deriving or ascertaining the information sought by this Interrogatory may be substantially the same for either party, if not easier for Baicells given that the interrogatory seeks information about a person's connections to Baicells and information about Baicells's customers and their level of sophistication.

LigTel's Complaint and LigTel's Motion for a Preliminary Injunction and accompanying declarations describe instances of confusion, mistake, and deception as to the origin or sponsorship of goods or services sold or offered in interstate commerce as a result of Baicells's use without authorization – and direction to its customers about the use without authorization – of the LigTel HNI Code.  Baicells "admits that LigTel has not authorized Baicells to use LigTel's HNI code."  Answer of Defendants (Dkt. 29) at ¶¶ 34, 36 (Mar. 11, 2020).  Baicells has also conceded that LigTel's HNI Code had nevertheless been "reference[d] and "available on Baicells's websites" and the "Facebook Baicells Operator Support Group."  Baicells's Report to the Court (Dkt. 26) (Feb. 19, 2020).  Consistent with Rules 26 and 33, LigTel further responds that its filings in this case as well as the documents produced in response to Baicells's requests for production speak for themselves and provide the information responsive to this Interrogatory, and LigTel objects to this Interrogatory insofar as it seeks additional information.

Subject to those objections, and without waiving any, LigTel further responds as follows:

On June 21, 2019, LigTel was contacted by a wireless service provider in northeast Colorado, Viaero Wireless, about possible interference caused by Sandhills Wireless LLC, a carrier in Nebraska. LigTel does not do business in Colorado or Nebraska. Yet Viaero contacted LigTel explaining that it appeared LigTel's HNI was the signal causing the interference. Viaero reported to LigTel that Viaero's investigation further found that (1) the interference was caused by equipment from Baicells and (2) that Biacells was using, and directing its customer to use an HNI Code of 311-98, which is effectively LigTel's HNI Code 311-980. LigTel has never authorized Baicells to use its HNI code. Baicells's public website and other communications directed to industry, customers, and potential customers—including online updates, technical documents, and other materials—contained instructions for effectively using LigTel's HNI code.

On June 28, 2019, LigTel sent a cease and desist letter to Sandhills demanding that it stop its unauthorized use of LigTel's HNI code. Sandhills and LigTel then entered an agreement for a limited right to use LigTel's HNI code. During the investigation, LigTel learned that a second company, New Lisbon Broadband and Communications, an Indiana company, was using Baicells's equipment with the HNI code 311-98 and, as a result, was effectively using LigTel's HNI Code 311-980. LigTel informed New Lisbon that this HNI code was LigTel's HNI code and that Baicells was not authorized to use LigTel's HNI code. LigTel then learned that Baicells had directed New Lisbon to use LigTel's HNI code and that New Lisbon did not know Baicells lacked authorization to use that code.

**INTERROGATORY NO. 6:**     Identify and describe in detail each and every purported trade secret that LigTel alleges is at issue in this lawsuit.

**AMENDED ANSWER:** LigTel objects to this Interrogatory because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1). LigTel further objects to this Interrogatory

to the extent it is beyond the scope of the limited discovery set forth by the Court on February 18, 2020. LigTel also objects insofar as this request seeks additional information or detail about LigTel's trade secrets beyond the information that Baicells has already misappropriated. The trade secrets at issue in this lawsuit are sufficiently described in LigTel's Complaint, LigTel's Motion for a Preliminary Injunction and accompanying declarations, and information LigTel produced in response to Baicells's requests for production. Consistent with Rules 26 and 33, LigTel further responds that those documents speak for themselves and provide the information responsive to this Interrogatory. LigTel objects to this Interrogatory insofar as it seeks additional information.

Subject to those objections, and without waiving any, LigTel further responds as follows:

The LigTel trade secrets at issue in this litigation include LigTel's encryption code (which masks the content of traffic between LigTel's core and subscribers), and LigTel's network architecture, design, and engineering (which includes the proprietary operational layout of LigTel's equipment, core, and servers).

**INTERROGATORY NO. 7:** For each purported trade secret identified in response to Interrogatory Number 6, describe all efforts taken by LigTel to maintain the secrecy of that purported trade secret.

**AMENDED ANSWER:** LigTel objects to this Interrogatory because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1). LigTel further objects to this Interrogatory to the extent it is beyond the scope of the limited discovery set forth by the Court on February 18, 2020. LigTel also objects insofar as this request seeks additional information or detail about LigTel's trade secrets beyond the information that Baicells has already misappropriated. LigTel's efforts to maintain the secrecy of the trade secrets at issue in this lawsuit are sufficiently described in LigTel's Complaint, LigTel's Motion for a Preliminary Injunction and

accompanying declarations, and information LigTel produced in response to Baicells's requests for production.  Consistent with Rules 26 and 33, LigTel further responds that those documents speak for themselves and provide the information responsive to this Interrogatory.  LigTel objects to this Interrogatory insofar as it seeks additional information.

Subject to those objections, and without waiving any, LigTel further responds as follows:

LigTel takes and has taken several reasonable measures to protect its trade secrets and proprietary information.  For instance, LigTel requires employees to sign confidentiality agreements that protect the company's proprietary and technical information, including trade secrets.  In addition, LigTel has internal cybersecurity policies that require employees to keep confidential sensitive, confidential, and proprietary information, including trade secrets, LigTel also requires its vendors and suppliers to enter into non-disclosure agreements before they receive access to LigTel's trade secrets.  For example, when LigTel engaged Huawei to design, build, configure, and maintain its groundbreaking LTE network, the companies entered into non-disclosure agreements that covered and protected LigTel's trade secrets.  Only after the agreement was signed did LigTel share proprietary and sensitive trade secrets related to LigTel's network with Huawei, including LigTel's encryption code, and its network architecture, design, and engineering (including radio frequency configurations, IP infrastructure (both physical and logical), and the technologies LigTel employed to connect its networks).

**INTERROGATORY NO. 8:**     For each purported trade secret identified in response to Interrogatory Number 6, identify and describe any non-disclosure agreement(s) or other agreement(s) relating to or concerning that purported trade secret(s), including without limitation the non-disclosure agreement alleged in paragraph 26 of the Complaint.

**AMENDED ANSWER:** LigTel objects to this Interrogatory because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1).  LigTel further objects to this Interrogatory

to the extent it is beyond the scope of the limited discovery set forth by the Court on February 18, 2020.  LigTel also objects insofar as this request seeks additional information or detail about LigTel's trade secrets beyond the information that Baicells has already misappropriated.   In addition to the relevant agreements identified and described in LigTel's Complaint and LigTel's Motion for a Preliminary Injunction and accompanying declarations, LigTel has produced copies of relevant non-disclosure agreements and other information relevant to this Interrogatory in response to Baicells's requests for production.  Consistent with Rules 26 and 33, LigTel further responds that those documents speak for themselves and provide the information responsive to this Interrogatory.  LigTel objects to this Interrogatory insofar as it seeks additional information.

Subject to those objections, and without waiving any, LigTel further responds as follows:

- LigTel and Huawei Non-Disclosure Agreements: LT001004-08, LT000912-59

- Cybersecurity Policies: LT003455-514, LT003515-63

- LigTel Employee Confidentiality Agreements: LT003564-72

**INTERROGATORY NO. 9:**          Identify each document or exhibit that you intend to use or introduce at the preliminary injunction hearing or any other hearing in this case.

**AMENDED ANSWER:**  LigTel objects to this Interrogatory as premature in the context of this case, where discovery is still ongoing and LigTel has not yet identified the documents or exhibits that it plans to use in any hearing.   In addition, LigTel objects to this Interrogatory because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1).  LigTel further objects to this Interrogatory to the extent it is beyond the scope of the limited discovery set forth by the Court on February 18, 2020.  LigTel also objects insofar as this request seeks information or detail about LigTel's legal strategy or other information protected by applicable privileges and work-product protections.   Subject to these objections and consistent with Rules 26 and 33,

LigTel will produce any document or exhibit that it intends to use as support for its Motion for Preliminary Injunction—insofar as such document has not already been produced to Baicells, is not already in Baicells's possession, or is not included in LigTel's pre-hearing briefing—in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Indiana, and any orders of this Court.

**INTERROGATORY NO. 10:**     Identify each witness you plan to call at the preliminary injunction hearing or any other hearing in this case, and for each such witness, state:
(a)     full legal name and title;
(b)     last known address;
(c)     the subject matter on which the witness is expected to testify;
(d)     if the witness is expected to testify as an expert witness, the individual's qualifications and training, including professional and practical experience, educational institutions attended, setting forth the dates for each educational institution, degrees obtained, and each place at which such individual received experience or training; and
(e)     the substance of the facts or opinion(s) as to which the witness is expected to testify.

**AMENDED ANSWER:** LigTel objects to this Interrogatory as premature in the context of this case, where discovery is still ongoing and LigTel has not yet identified each witness that it plans to call at the preliminary injunction hearing or the subjects on which it expects such witnesses to testify.  In addition, LigTel objects to this Interrogatory because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1).  LigTel further objects to this Interrogatory to the extent it is beyond the scope of the limited discovery set forth by the Court on February 18, 2020.  LigTel also objects insofar as this request seeks information or detail about LigTel's legal strategy or other information protected by applicable privileges and work-product protections.  Subject to these objections, and consistent with the Court's order dated March 24, 2020, at this time LigTel does not plan to call any witnesses at the preliminary injunction hearing.

13

**INTERROGATORY NO. 11:**      Identify each document that you relied upon in answering each of the foregoing interrogatories, designating the number of each interrogatory for which such each document was relied upon.

**ANSWER:** LigTel objects to this Interrogatory because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1).  LigTel further objects to this Interrogatory to the extent it is beyond the scope of the limited discovery set forth by the Court on February 18, 2020.  LigTel also objects insofar as this request seeks information or detail about LigTel's legal strategy or other information protected by applicable privileges and work-product protections.  Subject to these objections, and consistent with Rules 26, 33, and other applicable rules—and without waiving any rights—LigTel responds that in answering these interrogatories it relied on the filings in this case, including the Complaint, Motion for Preliminary Injunction and the declarations accompanying that motion, as well as the documents LigTel produced in response to Baicells's Request for Production of Documents.

**INTERROGATORY NO. 12:**      Identify each person that furnished information for the responses to these interrogatories, designating the number of each interrogatory for which each such person furnished information.

**ANSWER:** LigTel objects to this Interrogatory because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case considering the factors set forth in F.R.C.P. 26(b)(1).  LigTel further objects to this Interrogatory to the extent it is beyond the scope of the limited discovery set forth by the Court on February 18, 2020.  LigTel also objects insofar as this request seeks information or detail about LigTel's legal strategy or other information protected by applicable privileges and work-product protections.  Subject to these objections, and consistent with Rules 26, 33, and other applicable rules—and without waiving any rights—LigTel responds that Randy Mead and Josh Wentworth furnished information for the responses to these interrogatories.

Dated March 30, 2020

## VERIFICATION

I hereby swear or affirm under penalty of perjury that I am the CEO and General Manager of LigTel Communications, Inc. and I am authorized to provide Verification of these Supplemental Objections And Responses To Defendants' First Set Of Interrogatories.  Insofar as the information and facts within these Supplemental Objections and Responses are not within my personal knowledge, it has been provided by authorized employees of LigTel who have informed me that the information and facts are true and accurate.  Therefore, I verify the foregoing as true and accurate to the best of my knowledge and belief.

Dated: 3/30/2020

Randy Mead
CEO and General Manager,
LigTel Communications, Inc.

As to objections,

/s/ Gabriel K. Gillett

Samuel L. Feder (admitted *pro hac vice*)
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6000

Michael J. Nelson
Gabriel K. Gillett (admitted *pro hac vice*)
Leigh J. Jahnig (admitted *pro hac vice*)
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

*Attorneys for Plaintiff LigTel Communications, Inc.*

15

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2020, I caused a true and correct copy of Plaintiff's Supplemental Objections and Responses to Defendants' First Set of Interrogatories to be served via electronic mail on counsel of record for Defendants.


*/s/ Gabriel K. Gillett*

# **EXHIBIT B**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

LIGTEL COMMUNICATIONS, INC.,

Plaintiff,

v.

BAICELLS TECHNOLOGIES INC.;
BAICELLS TECHNOLOGIES NORTH AMERICA
INC.,

Defendants.

Case No. 1:20-cv-00037-HAB-SLC

## DEFENDANTS' ANSWERS AND OBJECTIONS TO LIGTEL'S FIRST SET OF INTERROGATORIES

Defendants, Baicells Technologies Inc. and Baicells Technologies North America Inc. ("Baicells" or "Defendants"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, respectfully submit the following Answers and Objections (the "Answers and Objections") to Plaintiff LigTel Communications, Inc.'s ("LigTel" or "Plaintiff") First Set of Interrogatories (the "Interrogatories").

### PRELIMINARY STATEMENT

Defendants have not, at this time, fully completed their discovery and investigation in this action. All information contained herein is based solely upon such information and evidence as is presently available and known to Defendants upon information and belief at this time. Defendants will supplement their responses to the Interrogatories under Fed. R. Civ. P. 26(e) as necessary.

<u>**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS AND GENERAL OBJECTIONS**</u>

1.      Baicells' Answers and Objections are subject to these general objections set forth below, all of which are expressly preserved and not waived, whether or not stated in a particular response, and Baicells' responses are framed on the basis of these general objections.

2.      Baicells has based its Answers and Objections on the assumption that LigTel did not intend to seek information protected against discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.   To the extent the Interrogatories call for such information, Baicells objects and asserts these privileges and immunities to the fullest extent and does not waive any such privileges and immunities.

3.      Baicells objects to the extent that LigTel attempts through the Interrogatories to impose obligations upon Baicells greater than those imposed by the Federal Rules of Civil Procedure.

4.      Baicells objects to the extent that the Instructions and Definitions of the Interrogatories are overly broad, unreasonable, and unduly burdensome.

5.      Baicells objects to the Interrogatories' definition of the term "LigTel HNI Code" as referring to the Home Network Identity ("HNI") code (also known as a Public Land Mobile Network, or "PLMN") 311-980 or the five-digit code 31198.   The first three digits of LigTel's HNI code—311—represent a Mobile Country Code ("MCC") for the United States, and the remaining three digits—980—represent a Mobile Network Code ("MNC").   The five-digit code 31198 has never been registered to or used by LigTel and is not LigTel's HNI Code or PLMN.

6.      Baicells objects to providing expedited answers to any of the Interrogatories which are not reasonably related to the pending Motion for Preliminary Injunction, as additional

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

time is needed to properly address issues that are broader in scope than those issues raised in the preliminary injunction request.

7.     Baicells objects to the Interrogatories that contain multiple subparts to the extent that any subpart should be identified and considered its own interrogatory, as a way to avoid the limit on the number of allowed interrogatories.  Baicells reserves the right to object to and not respond to the present and any future interrogatories served by LigTel to the extent that they exceed the applicable limit.

8.     In answering the Interrogatories, Baicells does not concede the relevancy, materiality, or admissibility of any of the information or documents sought therein.  Baicells' Answers and Objections will be made subject to, and without waiving, any objections as to relevancy, materiality, or admissibility.

9.     A statement that documents will be produced in response to a particular interrogatory is not an admission that any such documents exist.

These Objections to Instructions and Definitions and General Objections are specifically incorporated into each of the individual answers that follow.  Subject to and without waiving any of the foregoing objections, Baicells states:

**SPECIFIC ANSWERS AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1:**     On what date did you first adopt, implement, use or first encourage, instruct, or direct third parties to adopt, implement, or use the LigTel HNI Code (including 311980 and 31198)?

**ANSWER:**     Baicells objects to Interrogatory No. 1 on the basis that as used in this interrogatory, the terms "adopt", "implement," and "use" are vague and ambiguous.  Baicells

3

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

further objects to the use of the term LigTel Home Network Identity ("HNI") Code to refer to the five-digit code "31198."

Subject to and without waiving its objections, Baicells states as follows:

31198 is not LigTel's HNI Code.  The HNI Code of 31198 has never been registered to or used by LigTel.  311-980 is LigTel's HNI Code.  Baicells has never adopted, implemented, used, encouraged, instructed, or directed third parties to adopt, implement, or use LigTel's HNI Code.  Baicells has used an HNI code or PLMN ("Public Land Mobile Network") of 31198.

Upon information and belief, in or about November 2015, research and development engineers adopted the PLMN of 31198 after determining that the full list of assigned PLMN numbers in the United States contained no five-digit numbers.

Upon information and belief, Baicells first used the PLMN of 31198 outside the lab environment on or about June 2016 when a Baicells customer first tested prototype Baicells equipment and CloudCore Evolved Packet Core ("EPC").

Upon information and belief, Baicells first instructed its customers to use a PLMN of 31198 on or about June 2016 when Baicells first shipped commercial production equipment to trial operators.

**INTERROGATORY NO. 2:**      Identify and describe all facts and circumstances concerning your decision to adopt, implement, use, and encourage, instruct, or direct third parties to use the LigTel HNI Code (including 311980 and 31198).

**ANSWER:**    Baicells objects to Interrogatory No. 2 on the basis that as used in this interrogatory, the terms "adopt", "implement," and "use" are vague and ambiguous.  Baicells further objects on the basis that the phrase "all facts and circumstances" is overly broad and

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

unduly burdensome.  Baicells further objects to the use of the term LigTel HNI Code to refer to the code "31198."

Subject to and without waiving its objections, Baicells states as follows:

31198 is not LigTel's HNI Code.  The HNI Code of 31198 has never been registered to or used by LigTel.  311-980 is LigTel's HNI Code.  Baicells has never adopted, implemented, used, encouraged, instructed, or directed third parties to adopt, implement, or use LigTel's HNI Code.  Baicells has used an HNI Code or PLMN of 31198.

Upon information and belief, in or about November 2015, research and development engineers adopted the PLMN of 31198 after determining that the full list of assigned PLMN numbers in the United States contained no five-digit numbers.

Upon information and belief, Baicells first used the PLMN of 31198 on or about June 2016 when a Baicells customer first tested prototype Baicells equipment and CloudCore EPC.

Upon information and belief, Baicells first instructed its customers to use a PLMN of 31198 on or about June 2016 when Baicells first shipped commercial production equipment to trial operators.

**INTERROGATORY NO. 3:**        On what date did LigTel give you authorization or permission to adopt, implement, use, or direct third parties to adopt, implement, or use the LigTel HNI Code (including 311980 and 31198)?

**ANSWER:**    Baicells objects to Interrogatory No. 3 on the basis that as used in this interrogatory, the terms "authorization," "permission," "adopt", "implement," and "use" are vague and ambiguous.  Baicells further objects to the use of the term LigTel HNI Code to refer to the code "31198."

Subject to and without waiving its objections, Baicells states as follows:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

31198 is not LigTel's HNI Code.  The HNI Code of 31198 has never been registered to or used by LigTel.  311-980 is LigTel's HNI Code.  Baicells has never adopted, implemented, used, encouraged, instructed, or directed third parties to adopt, implement, or use LigTel's HNI Code.  Baicells has used an HNI Code or PLMN of 31198.

Baicells has never sought authorization or permission from LigTel to use the five-digit HNI Code of 31198 because that code is inherently different from LigTel's six-digit HNI Code of 311-980—e.g., PLMN ID 311-980 is encoded as 0x139108, while 31198 will be encoded as 0x13F189.  Baicells has no obligation, legal or otherwise, to seek permission from LigTel to use a five-digit HNI Code that LigTel does not own.

**INTERROGATORY NO. 4:**      Identify and describe all facts and circumstances concerning your authorization or permission to adopt, implement, use, or encourage, instruct, or direct third parties to use the LigTel HNI Code (including 311980 and 31198).

**ANSWER:**      Baicells objects to Interrogatory No. 4 on the basis that as used in this interrogatory, the terms "authorization," "permission," "adopt", "implement," and "use" are vague and ambiguous.  Baicells further objects on the basis that the phrase "all facts and circumstances" is overly broad and unduly burdensome.  Baicells further objects to the use of the term LigTel HNI Code to refer to the code "31198."

Subject to and without waiving its objections, Baicells states as follows:

31198 is not LigTel's HNI Code.  The HNI Code of 31198 has never been registered to or used by LigTel.  311-980 is LigTel's HNI Code.  Baicells has never adopted, implemented, used, encouraged, instructed, or directed third parties to adopt, implement, or use LigTel's HNI Code.  Baicells has used an HNI Code or PLMN of 31198.

6

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Baicells has never sought authorization or permission from LigTel to use the five digit HNI Code of 31198 because that code is inherently different from LigTel's six-digit HNI Code of 311-980—e.g., PLMN ID 311-980 is encoded as 0x139108, while 31198 will be encoded as 0x13F189.  Baicells has no obligation, legal or otherwise, to seek permission from LigTel to use a five-digit HNI Code that LigTel does not own.

**INTERROGATORY NO. 5:**        On what date did you cease to adopt, implement, use, or direct third parties to adopt, implement, or use the LigTel HNI Code (including 311980 and 31198)?

**ANSWER:**     Baicells objects to Interrogatory No. 5 on the basis that as used in this interrogatory,   the terms "cease," "direct," "adopt", "implement," and "use" are vague and ambiguous.  Baicells further objects to the use of the term LigTel HNI Code to refer to the code "31198."

Subject to and without waiving its objections, Baicells states as follows:

31198 is not LigTel's HNI Code.  The HNI Code of 31198 has never been registered to or used by LigTel.  311-980 is LigTel's HNI Code.  Baicells has never adopted, implemented, used, encouraged, instructed, or directed third parties to adopt, implement, or use LigTel's HNI Code.  Baicells has used an HNI Code or PLMN of 31198.

Baicells outlined its transition process from PLMN 31198 to PLMN 314-030 in detailed reports that Baicells provided to the Alliance for Telecommunications Industry Solutions ("ATIS").  ATIS is a nationally and globally accredited organization "where ICT [Information and Communications Technology] companies convene to find solutions to their most pressing shared challenges."  *See* https://sites.atis.org/insights/atis-overview/, (last visited March 22, 2020).  Those reports were provided to ATIS in November 2019, December 2019, February

7

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

2020, and March 2020, and are being produced in response to LigTel's First Set of Requests for Production to Baicells.  ATIS agreed that Baicells should work toward a complete transition by the end of July 2020.  The transition to PLMN 314-030 is well under way, but not yet complete.

As stated in the most recent status report to ATIS, dated March 18, 2020, Baicells has completed the upgrade of firmware software necessary to support its customers' transition to PLMN 314-030, and Baicells is engaged in an aggressive campaign to convince operators to upgrade all eNodeB software.  An "eNodeB" is an LTE term that refers to the base station that facilitates wireless communication between the operator network and user equipment.  The antenna of the eNodeB is commonly installed on radio towers.  The completion of the eNodeB software upgrade will result in all operator eNodeBs broadcasting the PLMN 314-030.

In addition, Baicells is working to release new PLMN Subscriber Identity Module ("SIM") cards to sales channels and distributors to send to end users for replacement.  However, supply chain disruptions and complications due to COVID-19 have delayed some future shipments.

In the interim, end users with equipment containing the original SIM cards cannot cause interference with LigTel's network or equipment, because SIM cards do not broadcast the PLMN.  Rather, SIM cards are used to authenticate end users to a network, and each SIM card is programmed with unique authentication keys.  It is not possible for a SIM card to authenticate to a network unless the exact authentication keys and associated International Mobile Subscriber Identity ("IMSI") number are programmed into the network operator's EPC, also known as the core network.  Thus, end users cannot cause interference with LigTel's network or equipment.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**INTERROGATORY NO. 6:**    Identify and describe all facts and circumstances concerning your decision to cease to adopt, implement, use, or direct third parties to adopt, implement, or use the LigTel HNI Code (including 311980 and 31198).

**ANSWER:**    Baicells objects to Interrogatory No. 6 on the basis that as used in this interrogatory, the terms "cease," "direct," "adopt", "implement," and "use" are vague and ambiguous.  Baicells further objects on the basis that the phrase "all facts and circumstances" is overly broad and unduly burdensome.  Baicells further objects to the use of the term LigTel HNI Code to refer to the code "31198."

Subject to and without waiving its objections, Baicells states as follows:

31198 is not LigTel's HNI Code.  The HNI Code of 31198 has never been registered to or used by LigTel.  311-980 is LigTel's HNI Code.  Baicells has never adopted, implemented, used, encouraged, instructed, or directed third parties to adopt, implement, or use LigTel's HNI Code of 311-980.  Baicells has used an HNI Code or PLMN of 31198.

Immediately upon learning that there was an issue with regard to the PLMN 31198, Baicells began researching how to apply for a different PLMN through iConectiv.  iConectiv is the United States International Mobile Subscriber Identity ("IMSI") Administrator which administers the HNI codes on behalf of the United States Department of State.  Before Baicells learned of any issue, Baicells was unaware that the five-digit PLMN number selected by Baicells engineers was similar to a six-digit PLMN in use by another operator.

On July 10, 2019, Baicells Technologies North America staff had a conference call to discuss the issue that LigTel raised with respect to the PLMN.  The very next day, on July 11, 2019, the Baicells Technologies North America staff held a second call to discuss the procedure for Baicells to obtain a six-digit PLMN.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

On July 22, 2019—within two weeks of learning of the issue with the PLMN—Andy Yang, then Director of Engineering and Support, Baicells Technologies North America, submitted an application to iConectiv for a new PLMN number.

On July 29, 2019, Baicells was granted PLMN 314-030.  That same day, July 29, 2019, Baicells Technologies North America representatives—including Bo Wei, then President and CEO, Rick Harnish, Chief Marketing Officer, and Ronald Mao, Director of Carrier Solutions—met with representatives of LigTel—including Randy Mead, CEO and General Manager, Josh Wentworth, Network Operations Supervisor, and Mike Troup, Network Operations Manager & Marketing—in Ligonier, Indiana, in an attempt to resolve any issues regarding the PLMN numbers.  Without prior notice to Baicells, LigTel's outside counsel, Cary Mitchell and John Prendergast, attended and controlled the meeting.  Baicells was not represented by counsel at this meeting.

Baicells determined to migrate to a new PLMN code rather than accede to LigTel's demands that Baicells pay LigTel One Million Dollars ($1,000,000.00) to transfer LigTel's HNI Code to Baicells.

**INTERROGATORY NO. 7:**        Identify and describe the basis in any rules or regulations promulgated by any government or industry organization supporting your decision to adopt, implement, use, or direct third parties to adopt, implement, or use the LigTel HNI Code (including 311980 and 31198).

**ANSWER:**    Baicells objects to Interrogatory No. 7 on the basis that as used in this interrogatory, the terms "adopt", "implement," and "use" are vague and ambiguous.  Baicells further objects to the use of the term LigTel HNI Code to refer to the code "31198."

Subject to and without waiving its objections, Baicells states as follows:

10

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

31198 is not LigTel's HNI Code.  The HNI Code of 31198 has never been registered to or used by LigTel.  311-980 is LigTel's HNI Code.  Baicells has never adopted, implemented, used, encouraged, instructed, or directed third parties to adopt, implement, or use LigTel's HNI Code of 311-980.  Baicells has used an HNI Code or PLMN of 31198.

Historically, HNI codes have been assigned to mobile network operators with international roaming capabilities (which Baicells is not), and not to equipment manufacturers (which Baicells is).  Therefore, historically, the rules and regulations applicable to the assignment of HNI codes have not applied to Baicells in the testing, manufacturing, shipment, and use of its equipment.

It is quite common for LTE equipment manufacturers to use five-digit HNI codes to develop and test software and equipment.  After testing and inventing the first cloud-based LTE EPC, CloudCore, Baicells continued to use the originally selected five-digit PLMN ID (31198). Because commercial use of mobile PLMN codes in the U.S. typically involves a six-digit code— a three-digit Mobile Country Code ("MCC"), followed by a three-digit Mobile Network Code ("MCC")—the possibility of confusion with another PLMN did not appear to pose any issue.

**INTERROGATORY NO. 8:**         Identify and describe all facts and circumstances surrounding your application for the BaiCells HNI Code (i.e. 314030), including when you applied for the BaiCells HNI Code (i.e. 314030) and why you applied for the BaiCells HNI Code (i.e. 314030) at that time.

**ANSWER:**    Baicells objects to Interrogatory No. 8 on the basis that the phrase "all facts and circumstances surrounding your application" is vague and ambiguous, as well as overly broad and unduly burdensome.

Subject to and without waiving its objections, Baicells states as follows:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Baicells chose to apply for an HNI Code after being alerted that the code Baicells was using, 31198, was similar to LigTel's HNI Code of 311-980.

On July 2, 2019, Sam Tetherow of Sand Hills Wireless in Nebraska, a division of Future Technologies, received a Cease and Desist Letter from an attorney representing LigTel.  He submitted ticket number 15724 to support_na@baicells.com asking for Rick Harnish to give him a call.

On July 9, 2019, Rick Harnish called Mr. Tetherow.  Mr. Tetherow informed Mr. Harnish that he was told by LigTel that a company called Viaero Wireless claimed they were receiving spectrum interference in the 3.65-3.70 GHz shared spectrum band from someone using LigTel Communications HNI number 311-980.  Mr. Tetherow further reported that Viaero Wireless had contacted LigTel when they mistakenly identified Baicells' HNI 31198 as LigTel's HNI 311-980. Mr. Tetherow said he had temporarily resolved the issue with LigTel's Josh Wentworth.

On July 9, 2019, Steve Barnes of New Lisbon Telephone Company called Mr. Harnish. Mr. Barnes said his manager, John Greene, had been contacted by LigTel's manager, Randy Mead, to ask questions about Baicells equipment and SIM card IMSI numbers, knowing that New Lisbon was using Baicells equipment.

On July 10, 2019, Baicells North America staff had a conference call to discuss the issue regarding the PLMN.  The team discussed, *inter alia*:

- The process of working with iConectiv to obtain a PLMN assignment and then the possibility of converting all subscribers to that new PLMN;

- Whether Baicells was qualified to obtain a PLMN/HNI assignment in light of the requirement that the HNI applicant be, and certify that it is, a public network

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

operator (commercial or government), or an authorized agent operating on behalf of a public network operator; and

- The possibility of acquiring LigTel's PLMN.

On July 11, 2019, Andy Yang hosted a LigTel strategy conference call.

On July 13, 2019, iConectiv responded to Andy Yang's questions about applying for a PLMN/HNI number.

On July 22, 2019, Andy Yang filed an application with iConectiv to obtain a new PLMN/HNI number.

On July 29, 2019, Baicells was assigned HNI number 314-030 by iConectiv/ATIS.

**INTERROGATORY NO. 9:**     Identify the HNI code that you use for new customers, encourage, instruct, or direct third parties to use, and program into equipment provided to new customers.

**ANSWER:**   As per the Baicells PLMN Migration Plan submitted to ATIS and each of the updates that followed in November 2019, December 2019, February 2020, and March 2020, Baicells has now updated all instructional and online material to reflect the new 314-030 HNI code.

**INTERROGATORY NO. 10:**     On what date did you first migrate BaiCells's equipment or customers from the LigTel HNI Code (including 311980 and 31198) to the BaiCells HNI Code (i.e. 314030), and on what date will you have fully and completely migrated all customers and equipment from the LigTel HNI Code (including 311980 and 31198) to the BaiCells HNI Code (i.e. 314030)?

**ANSWER:**   As per the Baicells PLMN Migration Plan submitted to ATIS in November 2019 and each of the updates that followed in December 2019, February 2020, and

13

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

March 2020, Baicells began migrating customers from September 23, 2019 and expects the migration to be completed by July 2020.  Baicells has acted in good faith to advance the progress of this transition as rapidly as logistically and technically feasible.

**INTERROGATORY NO. 11:**        Identify the number of wireless providers associated with BaiCells or that use BaiCells's equipment, and the number of customers of those wireless providers associated with BaiCells or that use BaiCells's equipment, that use or have used the LigTel HNI Code (including 311980 and 31198)?

**ANSWER:**    Baicells objects to Interrogatory No. 11 on the basis that it is overly broad, unduly burdensome, and seeks information that is not proportional to the needs of the case, as the burden of such discovery outweighs its likely benefit.  Baicells further objects to the use of the term LigTel HNI Code to refer to the code "31198."

Subject to and without waiving its objections, Baicells states as follows:

31198 is not LigTel's HNI Code.  The HNI Code of 31198 has never been registered to or used by LigTel.  311-980 is LigTel's HNI Code.  Baicells has never used LigTel's HNI Code. Baicells has used an HNI Code or PLMN of 31198.

As of March 23, 2020, to the best of Baicells' information and belief, there were:

- 544 Unique Operators;

- 131 Unique Operators (24% of all Unique Operators) with eNodeBs broadcasting PLM 314-030;

- 2,982 Online eNodeBs;

- 651 Online eNodeBs (21.8% of all Online eNodeBs) broadcasting PLMN 314-030;

- 26,248 end users; and

- 26,152 end users with a SIM card containing the PLMN 31198.

14

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**INTERROGATORY NO. 12:**      Identify and describe all facts and circumstances concerning your migration of customers and equipment using the LigTel HNI Code (including 311980 and 31198) to the BaiCells HNI Code (i.e. 314030), including any difficulty or hardship that you experience or expect to experience in migrating your customers and equipment from the LigTel HNI Code (including 311980 and 31198) to the BaiCells HNI Code (i.e. 314030).

**ANSWER:**      Baicells objects to Interrogatory No. 12 on the basis that the terms "all facts and circumstances surrounding your migration" are vague and ambiguous, as well as overly broad and unduly burdensome.  Baicells further objects to the use of the term LigTel HNI Code to refer to the code "31198."

Subject to and without waiving its objections, Baicells states as follows:

31198 is not LigTel's HNI Code.  The HNI Code of 31198 has never been registered to or used by LigTel.  311-980 is LigTel's HNI Code.  Baicells has never adopted, implemented, used, encouraged, instructed, or directed third parties to adopt, implement, or use LigTel's HNI Code of 311-980.  Baicells has used an HNI Code or PLMN of 31198.

Migrating the PLMN requires Baicells to build a new Cloud EPC environment (adding new servers) which uses a different PLMN (i.e., 314-030).  Baicells' EPC software only supports one PLMN, so creating a new environment is necessary.

Migrating the PLMN requires Baicells to build new eNodeB software update to leverage the new Cloud EPC environment.  The software update will change all EPC-related parameters to use the new Cloud EPC environment in order to use PLMN 314-030.

After new Cloud EPC environment and eNodeB software is ready, a trial period is run to check for bugs and confirm stability. After all bugs have been fixed and stability confirmed, the software is then released to the public as GA (general availability).

15

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

GA software release dates, based on the eNodeB model, were:

- Nova 227/233/243: January, 2020;

- Nova 436Q: March, 2020; and

- LTE-U: March, 2020.

After all eNodeB software was released as GA, a formal announcement was made on March 18 that we will be retiring the old PLMN (31198) and requesting that all customers upgrade to the latest GA software releases before we shut down the old EPC environment. Baicells will be producing a copy of that announcement as part of its response to LigTel's First Set of Requests for Production of Documents.

Additionally, starting from October 25, 2019, all SIM cards shipped by Baicells are programmed with the new PLMN (314-030).

**INTERROGATORY NO. 13:**      Identify and describe your use of the BaiCells HNI Code (i.e. 314030), your use of the LigTel HNI Code (including 311980 and 31198), and your use of any other HNI Code.

**ANSWER:**   Baicells objects to Interrogatory No. 13 on the basis that as used in this interrogatory, the phase "your use" is vague and ambiguous.   Baicells further objects to this interrogatory as overly broad and unduly burdensome.   Baicells further objects to the use of the term LigTel HNI Code to refer to the code "31198."

Subject to and without waiving its objections, Baicells states as follows:

Baicells is currently transitioning CloudCore EPC programming and eNodeB base station firmware to use HNI code 314-030 according to its transition plan.

16

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Baicells has transitioned CloudCore EPC programming away from using HNI code 31198. Baicells is still transitioning customer-owned eNodeB firmware to cease using HNI code 31198.

Baicells has never used LigTel's HNI code of 311-980.

**INTERROGATORY NO. 14:** Identify and describe all communications with your customers concerning the LigTel HNI Code (including 311980 and 31198), the BaiCells HNI Code (i.e. 314030), and any other HNI Code.

**ANSWER:** Baicells objects to Interrogatory No. 14 on the basis that it is overly broad and unduly burdensome. Baicells further objects that this interrogatory seeks information that is not proportional to the needs of the case, as the burden of such discovery outweighs its likely benefit. Baicells further objects to the use of the term LigTel HNI Code to refer to the code "31198."

Subject to and without waiving its objections, Baicells states as follows:

Communications with Baicells customers regarding HNI code 31198 and 314-030 are being produced in response to Plaintiff's First Set of Requests for Production, and those documents include, without limitation, the following communications related to the transition to HNI code 314-030:

- January 29, 2020 Forum and Facebook Announcement;

- February 14, 2020 Baiweekly Newsletter;

- March 18, 2020 Forum and Facebook Announcement 1; and

- March 18, 2020 Forum and Facebook Announcement 2.

**INTERROGATORY NO. 15:** Identify and describe all facts and circumstances concerning your recruitment, hiring, and retention of Ronald Mao, and concerning your

17

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

recruitment, hiring, and retention of any other person affiliated with BaiCells who previously worked for a company that had access to information concerning LigTel, and LigTel's encryption code, network architecture, network engineering, business, and business model.

**ANSWER:**   Baicells objects to Interrogatory No. 15 on the basis that it is vague, ambiguous, overly broad, and unduly burdensome.  Baicells further objects on the basis that it cannot reasonably ascertain or determine the information available to each former employer of each Baicells employee.  Baicells further objects on the basis that the information sought is not proportional to the needs of the case at this stage, as the burden or expense of this interrogatory outweighs its likely benefit in resolving disputed issues related to the pending Motion for Preliminary Injunction.

Subject to and without waiving its objections, Baicells states as follows:

Ronald Mao started at Baicells on January 1, 2018. He was on the LigTel account for technical sales at his previous job.  LigTel was not part of his conversation with Baicells throughout the hiring process.  Mr. Mao first inquired about job opportunities at Baicells in August 2017.  Mr. Mao's job interview was with Jesse Raasch in September 2017, and Patrick Leary (then President, Baicells Technologies North America), Minchul Ho (Vice President of Operations and Vertical Markets, Baicells Technologies North America), Bob Stone (Director of Carrier Markets, Baicells Technologies North America), and Cameron Kilton (then Director of Tier 2 and Vertical Engineering Services, Baicells Technologies North America) in December 2017.  Mr. Mao has never had access to LigTel's encryption code.  Mr. Mao's knowledge of LigTel's network architecture, network engineering, business, and business model was limited to what, if anything, LigTel shared with him, and any such knowledge was not relevant to Baicells' decision to hire him.  Mr. Mao took no information about LigTel from his former employment,

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

and has not been in possession of, or had access to, any such information since he left his prior employment.

**INTERROGATORY NO. 16:**     Identify the date on which you first learned any information about LigTel, LigTel's encryption code, network engineering, business, and business model.

**ANSWER:**     Baicells objects to Interrogatory No. 16 on the basis that the term "any information about LigTel" is vague and ambiguous.  Baicells further objects to this interrogatory as overly broad and unduly burdensome.

Subject to and without waiving its objections, Baicells states as follows:

Baicells first learned that LigTel had taken issue with Baicells' use of HNI code 31198 in July 2019 when Mr. Tetherow contacted Mr. Harnish regarding the incident involving Viaero Wireless and LigTel.  Baicells has no information regarding LigTel's encryption code or network engineering, and its knowledge of LigTel's business and business model is limited to what LigTel has told Baicells, and any publicly available information.  Baicells has never done business with LigTel.  LigTel is not a customer of Baicells.  LigTel is not a competitor of Baicells.

**INTERROGATORY NO. 17:**     Identify all documents that are relevant to each of the foregoing interrogatories, designating the number of each interrogatory for which such documents are relevant.

**ANSWER:**  Baicells objects to Interrogatory No. 17 on the basis that it is overly broad and unduly burdensome, as there may be voluminous documents that are potentially "relevant" to each of the foregoing interrogatories.  Baicells further objects to the term "relevant" as it is used in this interrogatory as vague and ambiguous.  Subject to and without waiving the foregoing

19

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

objections, Baicells will make a reasonable effort to supplement its answer to this interrogatory following the completion of its document production(s) in this matter under Fed. R. Civ. P. 26(e) as necessary.

**INTERROGATORY NO. 18:**    Identify all persons that furnished information for the response to these interrogatories, designating the number of each interrogatory for which such persons furnished information.

**ANSWER:**

1. Bo Wei (former Chief Executive Officer, Baicells Technologies North America): 5, 6, 7, 8

2. Ronald Mao (Director of Carrier Solutions, Baicells Technologies North America): 6, 8, 15, 16

3. Andy Yang (former Director of Engineering & Support, Baicells Technologies North America): 5, 6, 7, 8, 9, 10, 12, 13, 14

4. Jesse Raasch (Chief Technology Officer & Vice President, Emerging Business, Baicells Technologies North America): 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, 19

5. Rick Harnish (Chief Marketing Officer, Baicells Technologies North America): 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, 19

6. Sharon Redfoot (Curriculum & Documentation Developer, Baicells Technologies North America): 17

20

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

7. Yunfeng Jiang (Cloud Architect, Baicells Technologies North America): 14

8. Bai Wei (General Manager, International Market Division, Baicells Technologies Co., Ltd.): 3

9. Sun Lixin (Chairman and Chief Executive Officer, Baicells Technologies Co., Ltd.): 1, 2, 7

**INTERROGATORY NO. 19:**      Identify each document or exhibit that you intend to use or introduce at the preliminary injunction hearing on any other hearing in this case.

**ANSWER:**    Baicells objects to this interrogatory as premature, as discovery in this case is ongoing, and Baicells has not yet received responses to its discovery requests to LigTel. Baicells further objects to this interrogatory to the extent that it calls for information protected by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving its objections, Baicells will supplement its response to this interrogatory in advance of the preliminary injunction hearing or any other hearing in this case under Fed. R. Civ. P. 26(e) as necessary.

**INTERROGATORY NO. 20:**      Identify each witness you plan to call at the preliminary injunction hearing or any other hearing in this case, and for each such witness, state:

(a) full legal name and title;

(b) last known address;

(c) the subject matter on which the witness is expected to testify;

(d) if the witness is expected to testify as an expert witness, the individual's qualifications and training, including professional and practical experience, educational institutions attended,

21

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

setting forth the dates for each educational institution, degrees obtained, and each place at which such individual received experience or training; and

(e) the substance of the facts or opinion(s) as to which the witness is expected to testify.

**ANSWER:**  Baicells objects to this interrogatory as premature, as discovery in this case is ongoing, Baicells has not yet received responses to its discovery requests to LigTel, and Baicells has not yet developed a full list of witnesses it intends to call or subjects on which it expects such witnesses to testify.  Baicells further objects to this interrogatory to the extent that it calls for information protected by the attorney-client privilege and/or the work product doctrine. Baicells will supplement its response to this interrogatory in advance of the preliminary injunction hearing or any other hearing in this case under Fed. R. Civ. P. 26(e) as necessary.

Subject to and without waiving its objections, Baicells states that it intends to call, and/or submit declarations from, the following witnesses at this time:

1) Jesse Raasch, 309 W. Washington Ave., Unit 510, Madison, WI 53703;

2) Rick Harnish, 1125 Fawncrest Ct., Bluffton, IN 46714;

3) Ronald Mao, available through counsel at Ice Miller LLP, One American Square, Suite 2900, Indianapolis, IN 46282-0200; and

4) Bo Wei, available through counsel at Ice Miller LLP, One American Square, Suite 2900, Indianapolis, IN 46282-0200.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Dated: March 24, 2020

## VERIFICATION

I hereby swear or affirm under the penalties for perjury that I am Chief Technology Officer and Vice President, Emerging Business, for Baicells Technologies North America, Inc., and I am authorized to provide Verification of these Answers and Objections. Some of the information and facts within the Answers and Objections is not within my personal knowledge. Such information has been assembled by authorized employees and/or representatives of Baicells who have informed me that the information and facts are true and accurate. Therefore, I verify the foregoing Answers and Objections as true and accurate to the best of my knowledge and belief.

Dated: 3/24/20

Jesse Raasch (Chief Technology Officer & Vice President, Emerging Business, Baicells Technologies North America)

As to objections,

ICE MILLER LLP


/s/ Adam Arceneaux
Adam Arceneaux, Attorney No. 17219-49
Eric J. McKeown, Attorney No. 27597-49
Jessa DeGroote, Attorney No. 358487-49

**Attorneys for Defendants, Baicells Technologies Inc. and Baicells Technologies North America, Inc.**


ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
Adam.Arceneaux@icemiller.com
Eric.McKeown@icemiller.com
Jessa.DeGroote@icemiller.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 24, 2020, I caused a true and correct copy of Defendants'

Answers and Objections to Plaintiff's First Set of Interrogatories to be served via electronic-mail

on counsel of record for LigTel Communications, Inc.


*/s/ Eric J. McKeown*
Eric J. McKeown, Attorney No. 27597-49


ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone:  (317) 236-2100
Fax:    (317) 236-2219
Eric.McKeown@icemiller.com