# EXHIBIT 7

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement ("Agreement") is entered into as of this _15_ day of _October_, 20_18_, by and between _MICHAEL D. TROUP_ ("Employee") and one or more of the following entities (check all that apply): _✓_ Heartland Innovations, Inc. ("Heartland"); _✓_ The Ligonier Telephone Co., Inc.; and/or _✓_ LigTel Communications, Inc. (individually and collectively, "Employer").

Heartland is a holding company for a group of related and/or affiliated companies (collectively, "Affiliates"). During Employee's employment relationship with Employer, Employee may perform services for and/or have access to Confidential Information of one or more of the Affiliates. Therefore, this Agreement is intended to protect the legitimate business interests of Heartland and any Affiliate(s) for which Employee performs services and/or about which Employee has access to Confidential Information regarding. Accordingly, the term "Employer," as used in this Agreement, shall be deemed to include, in addition to Heartland, any Affiliate(s) for which Employee performs any services and/or about which Employee is exposed to Confidential Information regarding. Heartland and any such Affiliate(s) shall be entitled to enforce this Agreement against Employee as if Heartland and/or such Affiliate(s) were a party to this Agreement.

1. <u>Employment</u>. At all times, Employee's employment with Employer is at-will and may be terminated by either party at any time and for any reason or no reason at all. Employee hereby agrees to the terms and conditions of this Agreement in exchange for his/her continued employment on an at-will basis.

2. <u>Employer Property</u>. Nothing contained in this Agreement shall be construed as giving Employee any proprietary interest in the tangible or intangible assets of Employer. Upon the termination of Employee's employment with Employer, Employee shall promptly deliver to Employer (without keeping copies thereof) all Employer property, including, without limitation, all written records, software, hardware, credit cards, keys, computer access codes or disks, financial information, charts, files, business plans, correspondence, manuals, notes, reports, programs, proposals, and any documents containing Confidential Information (as defined in Paragraph 3), concerning the practices and processes used by Employer.

3. <u>Non-Disclosure of Confidential Information</u>. In connection with Employee's employment with Employer, Employee will receive oral and written information in confidence relating to Employer, which information is or is deemed to be Confidential Information (as defined herein) and the sole and exclusive property of Employer. For purposes of this Agreement, "Confidential Information" means information that Employer owns or possesses, that it uses or is potentially useful in its business, that it treats as proprietary, private or confidential, and that is not generally known to the public, including, but not limited to, trade secrets (as defined by the Indiana Trade Secrets Act, Ind. Code sec. 24-2-3-1, *et. seq.*), information relating to Employer's business plans, financial condition, operating and other costs, sales, pricing, customers, potential customers, customer usage and requirements, marketing ideas, plans for projects and services, plans for improvements and development of projects and services, billing and collection information, any procedure, discovery, formula, data, results, idea or technique; any trade dress, copyright, patent or other intellectual property right or registration

or application therefor or materials relating thereto; and any information relating to the foregoing or to any development, marketing, servicing, sales, financing, legal or other business activities or to any present or future projects, prices, plans, forecasts, employees, or consultants; whether in oral, written, graphic or electronic form and any other information which derives independent economic value, either actual or potential. Information supplied to Employee from outside sources and/or third parties will also be considered Confidential Information unless and until Employer designates it otherwise.

Employee agrees to use Confidential Information solely in the course of Employee's duties with Employer and in furtherance of Employer's business. Employee hereby further agrees that the above-referenced information will be kept confidential at all times during Employee's employment with Employer and thereafter, that Employee will not disclose or communicate to any third party any of the Confidential Information and will not make use of the Confidential Information on Employee's own behalf or on the behalf of a third party without, in each instance, the prior written consent of Employer, except as otherwise required by law.

4.   Breach of Agreement. Employee acknowledges that any breach of this Agreement by Employee may cause irreparable damage to Employer and that the legal remedies available to Employer will be inadequate. Therefore, in the event of any threatened or actual breach of this Agreement by Employee, Employee agrees that Employer shall be entitled to specific enforcement of this Agreement through injunctive or other equitable relief in addition to legal remedies. If Employee is found, by a court of competent jurisdiction, to have breached any of the terms of this Agreement, Employee agrees to pay Employer its reasonable attorney's fees and costs incurred in seeking relief from Employee's breach, in addition to any other relief allowed by law.

5.   Notice of Immunity under the Defend Trade Secrets Act of 2016. Notwithstanding any other provision of this Agreement:

   a.   Employee will not be held criminally or civilly liable under any federal or state trade secret law for any disclosure of a trade secret that (i) is made (A) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (B) solely for the purpose of reporting or investigating a suspected violation of law; or (ii) is made in a complaint or other document filed under seal in a lawsuit or other proceeding.

   b.   If Employee files a lawsuit for retaliation against Employer for reporting a suspected violation of law, Employee may disclose Employer's trade secrets to Employee's attorney and use the trade secret information in the court proceeding if Employee (i) files any document containing trade secrets under seal; and (ii) does not disclose trade secrets, except pursuant to court order.

6.   Miscellaneous. This Agreement sets out the entire agreement of the parties with respect to the subject matter contained herein. Any prior agreement, whether oral or in writing, shall be null and void. This Agreement may be amended only by the written agreement of both parties hereto.

Confidential

LT003565

This Agreement shall be governed, interpreted, and construed in accordance with the laws of the State of Indiana, without respect to any conflict of law provisions. Employer and Employee agree that any dispute or controversy arising out of, relating to, or in connection with this Agreement shall be venued in, and the parties hereby consent to the exclusive jurisdiction of, the courts (whether federal or state) in Marion County, Indiana.

Any failure by Employer to exercise its rights or remedies hereunder or any delay in asserting rights or remedies shall not be construed as a waiver of such rights or remedies, and no waiver of a right or remedy shall apply unless such waiver is expressly made in writing by the party with whom the waived right or remedy rests. This Agreement is personal in nature and may not be assigned by Employee. Employer hereby reserves the right to assign such contract without the written agreement of Employee.

If any provision hereof should be void or unenforceable, or should be declared void or unenforceable by a court of competent jurisdiction, the remaining provisions hereof shall not be affected thereby and they shall remain binding upon the parties.

**The parties hereby represent that they have carefully read and reviewed the foregoing Agreement, acknowledged its contents, and agreed to be bound by the terms and conditions set forth above. The parties acknowledge that they have voluntarily entered into this Agreement as of the day and year herein set forth.**

EMPLOYER

By: _____

EMPLOYEE

_____

19608488.1

Confidential

LT003566

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement ("Agreement") is entered into as of this _15_ day of _October_, 20_18_, by and between _Joshua Wentworth_ ("Employee") and one or more of the following entities (check all that apply): _✓_ Heartland Innovations, Inc. ("Heartland"); _✓_ The Ligonier Telephone Co., Inc.; and/or _✓_ LigTel Communications, Inc. (individually and collectively, "Employer").

Heartland is a holding company for a group of related and/or affiliated companies (collectively, "Affiliates"). During Employee's employment relationship with Employer, Employee may perform services for and/or have access to Confidential Information of one or more of the Affiliates. Therefore, this Agreement is intended to protect the legitimate business interests of Heartland and any Affiliate(s) for which Employee performs services and/or about which Employee has access to Confidential Information regarding. Accordingly, the term "Employer," as used in this Agreement, shall be deemed to include, in addition to Heartland, any Affiliate(s) for which Employee performs any services and/or about which Employee is exposed to Confidential Information regarding. Heartland and any such Affiliate(s) shall be entitled to enforce this Agreement against Employee as if Heartland and/or such Affiliate(s) were a party to this Agreement.

1.  <u>Employment</u>. At all times, Employee's employment with Employer is at-will and may be terminated by either party at any time and for any reason or no reason at all. Employee hereby agrees to the terms and conditions of this Agreement in exchange for his/her continued employment on an at-will basis.

2.  <u>Employer Property</u>. Nothing contained in this Agreement shall be construed as giving Employee any proprietary interest in the tangible or intangible assets of Employer. Upon the termination of Employee's employment with Employer, Employee shall promptly deliver to Employer (without keeping copies thereof) all Employer property, including, without limitation, all written records, software, hardware, credit cards, keys, computer access codes or disks, financial information, charts, files, business plans, correspondence, manuals, notes, reports, programs, proposals, and any documents containing Confidential Information (as defined in Paragraph 3), concerning the practices and processes used by Employer.

3.  <u>Non-Disclosure of Confidential Information</u>. In connection with Employee's employment with Employer, Employee will receive oral and written information in confidence relating to Employer, which information is or is deemed to be Confidential Information (as defined herein) and the sole and exclusive property of Employer. For purposes of this Agreement, "Confidential Information" means information that Employer owns or possesses, that it uses or is potentially useful in its business, that it treats as proprietary, private or confidential, and that is not generally known to the public, including, but not limited to, trade secrets (as defined by the Indiana Trade Secrets Act, Ind. Code sec. 24-2-3-1, *et. seq.*), information relating to Employer's business plans, financial condition, operating and other costs, sales, pricing, customers, potential customers, customer usage and requirements, marketing ideas, plans for projects and services, plans for improvements and development of projects and services, billing and collection information, any procedure, discovery, formula, data, results, idea or technique; any trade dress, copyright, patent or other intellectual property right or registration

19608488.1

Confidential
LT003567

or application therefor or materials relating thereto; and any information relating to the foregoing or to any development, marketing, servicing, sales, financing, legal or other business activities or to any present or future projects, prices, plans, forecasts, employees, or consultants; whether in oral, written, graphic or electronic form and any other information which derives independent economic value, either actual or potential. Information supplied to Employee from outside sources and/or third parties will also be considered Confidential Information unless and until Employer designates it otherwise.

Employee agrees to use Confidential Information solely in the course of Employee's duties with Employer and in furtherance of Employer's business. Employee hereby further agrees that the above-referenced information will be kept confidential at all times during Employee's employment with Employer and thereafter, that Employee will not disclose or communicate to any third party any of the Confidential Information and will not make use of the Confidential Information on Employee's own behalf or on the behalf of a third party without, in each instance, the prior written consent of Employer, except as otherwise required by law.

4. <u>Breach of Agreement</u>. Employee acknowledges that any breach of this Agreement by Employee may cause irreparable damage to Employer and that the legal remedies available to Employer will be inadequate. Therefore, in the event of any threatened or actual breach of this Agreement by Employee, Employee agrees that Employer shall be entitled to specific enforcement of this Agreement through injunctive or other equitable relief in addition to legal remedies. If Employee is found, by a court of competent jurisdiction, to have breached any of the terms of this Agreement, Employee agrees to pay Employer its reasonable attorney's fees and costs incurred in seeking relief from Employee's breach, in addition to any other relief allowed by law.

5. <u>Notice of Immunity under the Defend Trade Secrets Act of 2016</u>. Notwithstanding any other provision of this Agreement:

   a. Employee will not be held criminally or civilly liable under any federal or state trade secret law for any disclosure of a trade secret that (i) is made (A) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (B) solely for the purpose of reporting or investigating a suspected violation of law; or (ii) is made in a complaint or other document filed under seal in a lawsuit or other proceeding.

   b. If Employee files a lawsuit for retaliation against Employer for reporting a suspected violation of law, Employee may disclose Employer's trade secrets to Employee's attorney and use the trade secret information in the court proceeding if Employee (i) files any document containing trade secrets under seal; and (ii) does not disclose trade secrets, except pursuant to court order.

6. <u>Miscellaneous</u>. This Agreement sets out the entire agreement of the parties with respect to the subject matter contained herein. Any prior agreement, whether oral or in writing, shall be null and void. This Agreement may be amended only by the written agreement of both parties hereto.

19608488.1

Confidential
LT003568

This Agreement shall be governed, interpreted, and construed in accordance with the laws of the State of Indiana, without respect to any conflict of law provisions. Employer and Employee agree that any dispute or controversy arising out of, relating to, or in connection with this Agreement shall be venued in, and the parties hereby consent to the exclusive jurisdiction of, the courts (whether federal or state) in Marion County, Indiana.

Any failure by Employer to exercise its rights or remedies hereunder or any delay in asserting rights or remedies shall not be construed as a waiver of such rights or remedies, and no waiver of a right or remedy shall apply unless such waiver is expressly made in writing by the party with whom the waived right or remedy rests. This Agreement is personal in nature and may not be assigned by Employee. Employer hereby reserves the right to assign such contract without the written agreement of Employee.

If any provision hereof should be void or unenforceable, or should be declared void or unenforceable by a court of competent jurisdiction, the remaining provisions hereof shall not be affected thereby and they shall remain binding upon the parties.

**The parties hereby represent that they have carefully read and reviewed the foregoing Agreement, acknowledged its contents, and agreed to be bound by the terms and conditions set forth above. The parties acknowledge that they have voluntarily entered into this Agreement as of the day and year herein set forth.**

EMPLOYER                                EMPLOYEE

By: _____              _____

Confidential                                                                                    LT003569

CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement ("Agreement") is entered into as of this 15 day of October, 20 18, by and between Herald Roesenberg ("Employee") and one or more of the following entities (check all that apply): ✓ Heartland Innovations, Inc. ("Heartland"); ✓ The Ligonier Telephone Co., Inc.; and/or ✓ LigTel Communications, Inc. (individually and collectively, "Employer").

Heartland is a holding company for a group of related and/or affiliated companies (collectively, "Affiliates"). During Employee's employment relationship with Employer, Employee may perform services for and/or have access to Confidential Information of one or more of the Affiliates. Therefore, this Agreement is intended to protect the legitimate business interests of Heartland and any Affiliate(s) for which Employee performs services and/or about which Employee has access to Confidential Information regarding. Accordingly, the term "Employer," as used in this Agreement, shall be deemed to include, in addition to Heartland, any Affiliate(s) for which Employee performs any services and/or about which Employee is exposed to Confidential Information regarding. Heartland and any such Affiliate(s) shall be entitled to enforce this Agreement against Employee as if Heartland and/or such Affiliate(s) were a party to this Agreement.

1. Employment. At all times, Employee's employment with Employer is at-will and may be terminated by either party at any time and for any reason or no reason at all. Employee hereby agrees to the terms and conditions of this Agreement in exchange for his/her continued employment on an at-will basis.

2. Employer Property. Nothing contained in this Agreement shall be construed as giving Employee any proprietary interest in the tangible or intangible assets of Employer. Upon the termination of Employee's employment with Employer, Employee shall promptly deliver to Employer (without keeping copies thereof) all Employer property, including, without limitation, all written records, software, hardware, credit cards, keys, computer access codes or disks, financial information, charts, files, business plans, correspondence, manuals, notes, reports, programs, proposals, and any documents containing Confidential Information (as defined in Paragraph 3), concerning the practices and processes used by Employer.

3. Non-Disclosure of Confidential Information. In connection with Employee's employment with Employer, Employee will receive oral and written information in confidence relating to Employer, which information is or is deemed to be Confidential Information (as defined herein) and the sole and exclusive property of Employer. For purposes of this Agreement, "Confidential Information" means information that Employer owns or possesses, that it uses or is potentially useful in its business, that it treats as proprietary, private or confidential, and that is not generally known to the public, including, but not limited to, trade secrets (as defined by the Indiana Trade Secrets Act, Ind. Code sec. 24-2-3-1, *et. seq.*), information relating to Employer's business plans, financial condition, operating and other costs, sales, pricing, customers, potential customers, customer usage and requirements, marketing ideas, plans for projects and services, plans for improvements and development of projects and services, billing and collection information, any procedure, discovery, formula, data, results, idea or technique; any trade dress, copyright, patent or other intellectual property right or registration

19608488.1

Confidential

or application therefor or materials relating thereto; and any information relating to the foregoing or to any development, marketing, servicing, sales, financing, legal or other business activities or to any present or future projects, prices, plans, forecasts, employees, or consultants; whether in oral, written, graphic or electronic form and any other information which derives independent economic value, either actual or potential. Information supplied to Employee from outside sources and/or third parties will also be considered Confidential Information unless and until Employer designates it otherwise.

Employee agrees to use Confidential Information solely in the course of Employee's duties with Employer and in furtherance of Employer's business. Employee hereby further agrees that the above-referenced information will be kept confidential at all times during Employee's employment with Employer and thereafter, that Employee will not disclose or communicate to any third party any of the Confidential Information and will not make use of the Confidential Information on Employee's own behalf or on the behalf of a third party without, in each instance, the prior written consent of Employer, except as otherwise required by law.

4. _Breach of Agreement_. Employee acknowledges that any breach of this Agreement by Employee may cause irreparable damage to Employer and that the legal remedies available to Employer will be inadequate. Therefore, in the event of any threatened or actual breach of this Agreement by Employee, Employee agrees that Employer shall be entitled to specific enforcement of this Agreement through injunctive or other equitable relief in addition to legal remedies. If Employee is found, by a court of competent jurisdiction, to have breached any of the terms of this Agreement, Employee agrees to pay Employer its reasonable attorney's fees and costs incurred in seeking relief from Employee's breach, in addition to any other relief allowed by law.

5. _Notice of Immunity under the Defend Trade Secrets Act of 2016_. Notwithstanding any other provision of this Agreement:

    a. Employee will not be held criminally or civilly liable under any federal or state trade secret law for any disclosure of a trade secret that (i) is made (A) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (B) solely for the purpose of reporting or investigating a suspected violation of law; or (ii) is made in a complaint or other document filed under seal in a lawsuit or other proceeding.

    b. If Employee files a lawsuit for retaliation against Employer for reporting a suspected violation of law, Employee may disclose Employer's trade secrets to Employee's attorney and use the trade secret information in the court proceeding if Employee (i) files any document containing trade secrets under seal; and (ii) does not disclose trade secrets, except pursuant to court order.

6. _Miscellaneous_. This Agreement sets out the entire agreement of the parties with respect to the subject matter contained herein. Any prior agreement, whether oral or in writing, shall be null and void. This Agreement may be amended only by the written agreement of both parties hereto.

19608488.1

Confidential

LT003571

This Agreement shall be governed, interpreted, and construed in accordance with the laws of the State of Indiana, without respect to any conflict of law provisions. Employer and Employee agree that any dispute or controversy arising out of, relating to, or in connection with this Agreement shall be venued in, and the parties hereby consent to the exclusive jurisdiction of, the courts (whether federal or state) in Marion County, Indiana.

Any failure by Employer to exercise its rights or remedies hereunder or any delay in asserting rights or remedies shall not be construed as a waiver of such rights or remedies, and no waiver of a right or remedy shall apply unless such waiver is expressly made in writing by the party with whom the waived right or remedy rests. This Agreement is personal in nature and may not be assigned by Employee. Employer hereby reserves the right to assign such contract without the written agreement of Employee.

If any provision hereof should be void or unenforceable, or should be declared void or unenforceable by a court of competent jurisdiction, the remaining provisions hereof shall not be affected thereby and they shall remain binding upon the parties.

**The parties hereby represent that they have carefully read and reviewed the foregoing Agreement, acknowledged its contents, and agreed to be bound by the terms and conditions set forth above. The parties acknowledge that they have voluntarily entered into this Agreement as of the day and year herein set forth.**

EMPLOYER

By: _____

EMPLOYEE

_____